(21 Misc. Rep. 499.)

GIBSON v. KNAPP, City Treasurer, et al.

(Supreme Court, Special Term, Kings County. October 26, 1897.)·

1. MUNICIPAL CORPORATIONS—INDEBTEDNESS—CONSTITUTIONAL LIMIT—EXCEPTIONS.

Revenue bonds issued under Laws 1884, c. 506, as amended by Laws 1886, c. 366, Laws 1889, c. 433, and Laws 1892, c. 226, providing that bonds, payable in ten years, may be issued each year for the amount of arrears of taxes of the preceding year, and permitting the arrears of one year to be used when collected to purchase bonds issued for the arrears of prior or subsequent years, do not come within the exception in Const. art. 8, § 10, fixing the limit of city indebtedness at 10 per cent. of the assessed value of the real estate of the city, but excepting bonds issued in anticipation of the collection of taxes for amounts contained, or to be contained, in the taxes for the year such bonds are issued, and payable out of such taxes.

2. SAME—TEST OF CONSTITUTIONALITY.

The fact that municipal bonds previously issued are now in excess of the limit of city indebtedness does not render them void, the test being whether they were valid when sold by the city.

3. INVESTMENT OF CITY FUNDS—REVENUE BONDS.

Acts 1895, c. 782, provides for the payment of taxes in arrear at the time of its passage, and for the redemption of tax sales outstanding in which the city was purchaser, and appropriates the money thus received to the payment of revenue bonds theretofore issued, under Laws 1884, c. 506, as amended by Laws 1886, c. 366, Laws 1889, c. 433, and Laws 1892, c. 226, and permits the temporary investment of any portion of said funds not required to pay such past revenue bonds "in the purchase of any other bonds of said city." *Held* to authorize investments in future revenue bonds issued under said Laws 1884, c. 506, as amended, carrying with it the right to sell such bonds.

Action by Charles Gibson against Lucien Knapp, as treasurer of Long Island City, and others, for an injunction against the sale of bonds. On motion to make the injunction permanent. Denied.

F. P. Delafield, for plaintiff.

Foster & Foster, for defendants.

GAYNOR, J. The treasurer of Long Island City advertised for sale $300,000 of revenue bonds of the said city, issued and sold in the years 1896 and 1897, $19,000 of water supply bonds, issued and sold in December, 1895, and $11,000 of general improvement bonds, issued and sold in September, 1896; and they were awarded to the highest bidder. They are all in and belong to the "special sinking fund" of the said city, created by that name by chapter 782 of the Laws of

1895, having been purchased of the city by the said treasurer out of the moneys in said fund, as they were issued. Out of the great mass ·of allegations and misstatements in the complaint, these seem to be the only facts that can be disentangled with the aid of the opposing .papers. This is an action by a taxpayer to enjoin the sale of such revenue bonds, on the ground that they would be in excess of the limit of the city debt fixed by the state constitution (article 8, § 10), viz. 10 per cent. of the assessed value of the real estate of the city.

We have first to inquire whether such revenue bonds are within the said constitutional provision; for it expressly excepts "certificates ·of indebtedness, or revenue bonds issued in anticipation of the collection of taxes for amounts actually contained, or to be contained, in the taxes for the year when such certificates or revenue bonds are issued and payable out of such taxes." The revenue bonds in question are issued under chapter 506 of the Laws of 1884, as amended by ·chapter 366 of the Laws of 1886, chapter 433 of the Laws of 1889, and chapter 226 of the Laws of 1892. By these acts revenue bonds payable in ten years are issued and sold in each year for the amount of .arrears of taxes of the preceding year. The said acts also provide that such arrears as they are collected shall be set apart and appropriated by the city treasurer as a fund to pay the interest and principal of such bonds; thus creating what may be called a "sinking fund" for that purpose, though the statute does not designate it by that name. They permit the treasurer to purchase any of such bonds outstanding out of such fund at a premium not exceeding 3 per cent., or, if he cannot get them at that price, then to purchase ·of the city itself any of such bonds as they are issued. All of the bonds thus purchased have to be held by the said treasurer as part of such sinking fund. If there be not sufficient money in such fund .at the time· of each annual tax levy to pay the interest and principal to accrue upon such bonds outstanding during the ensuing year, then .such deficiency has to be put into such tax levy. These revenue bonds do not seem to be such as the constitution excepts. They are not issued, as the constitution permits, in anticipation of the collection of the tax levy of the year in or in advance of which they are issued, "and payable out of such taxes." On the contrary, they are issued in the year following the collection of such tax levy, after the time for collection has expired, and only for the arrears thus ascertained. They are also issued for the fixed term of ten years, and, as has been seen, the arrears of one year may be used when collected to purchase bonds issued for the arrears of prior or subsequent years. They are thus in fact a part of what may be called the "permanent debt" of the city; whereas the constitution contemplates that the revenue bonds which it permits upon, and in anticipation of, a tax levy, shall be paid out of the taxes of that levy as they come in; and that if there be a deficiency (which being not only possible, but probable where revenue bonds are issued for the whole or nearly the whole levy, must be contemplated), it be put in the next levy, so that such bonds may not have any permanency, or become a part of the permanent debt. Bank v. Grace, 102 N. Y. 313, 7 N. E. 162; Doon Tp. v. Cummins, 142 U. S. 366, 12 Sup. Ct. 220. They are allowed only in

aid of the realization and management of the revenue from the regular taxes from year to year; any deficiency of one year in the payment of them not being carried, but being put into the next levy; whereas new taxation to pay the bonds in question here, which run for ten years, may be postponed until they are about to fall due. If, therefore, these so-called "revenue bonds" were issued in excess of the debt limit, they would be void. But though these revenue bonds are not within the said exception of the constitution, nothing is found in the complaint to show that when issued by the city and purchased by the treasurer for the said "special sinking fund," they were in excess of the city's debt limit. There is a doubtful allegation that such limit is exceeded at the present time, but that does not imply that such was the case when these bonds were so issued. The test is whether they were valid when sold by the city. If they were, they remain so. On this head the case therefore fails.

That the treasurer has statutory authority to sell the said bonds out of such "special sinking fund," seems to be the case. The said fund is created under the said act of 1895 (chapter 782). It is a distinct fund from that created under the act of 1884. The act of 1895 provides for the payment of taxes in arrears at the time of its passage, and for the redemption of tax sales then outstanding where the city was purchaser, upon payment of a reduced rate of interest; and appropriates the money thus to be received into such special sinking fund, for the purpose of paying the revenue bonds theretofore issued under the said act of 1884 and its amendments (supra). It, however, permits the treasurer to temporarily invest any portion of such fund not required to pay such past revenue bonds, "in the purchase of any other bonds of the said city." This plainly includes any revenue bonds that might thereafter be issued by the city under the said act of 1884 and its amendments, and the revenue bonds in question were so purchased out of said special sinking fund, according to the affidavit of the treasurer. That the investment is permitted to be only temporary by the statute, carries with it the right to the treasurer to sell such bonds.

The motion to make the injunction permanent is denied.