**MASON et al. v. SCHOOL DIST. No. 72, BLAINE COUNTY, et al.**

Nos. 8292, 8769—Opinion Filed Nov. 6, 1917.

(168 Pac. 798.)

### Schools and School Districts—Bonds—Election—Constitutional Provisions.

Under section 26 of article 10 of the Constitution of this state, a majority of three-fifths of the legal voters at an election therefor, and not three-fifths of the legal electors residing in a school district, authorizes the issue of school bonds in excess of the income and revenue of such school district in any one year.

(Syllabus by Collier, C.)

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action for injunction by Sam Mason and others against School District No. 72, Blaine County, State of Oklahoma, and others. Temporary injunction denied, and plaintiffs bring error which was consolidated with error by plaintiffs from judgment on the merits. Affirmed.

I. H. Lookabaugh and Harry H. Smith, for plaintiffs in error.

Seymour Foose and R. C. Brown, for defendants in error.

Opinion by COLLIER, C. While there are two appeals filed in this court, the two appeals are in the same case, both involve the same material question, and are submitted upon the same briefs, and will be considered together. The action brought is to enjoin the issue and sale of bonds by school district No. 72, in Blaine county, in the sum of $15,000.

In case No. 8292, the uncontradicted evidence is that the election held in school district No. 72, Blaine county, was on the question of the issuance of bonds in the sum of $15,000 for the purpose of erecting a school building; that there were 195 qualified electors residing in said school district, and that in said election 155 votes were cast, and of the votes cast 97 were in favor and 58 against the issuance of said bonds.

In said case No. 8292, a restraining order was issued, which upon hearing was dissolved and a temporary injunction denied, and appeal brought to this court, which was pending at the time case No. 8769 was tried upon its merits.

Section 26, article 10, of the Constitution provides:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose."

The only serious contention of the plaintiff in error in case No. 8292 is that under the above constitutional provision of this state three-fifths of all the electors residing in the school district are necessary to carry a bond election, and that in this case three-fifths of all the electors residing in said district did not vote for the issuance of said bonds, and therefore the issuance of said bonds would be illegal. With this contention we cannot agree, and hold that in order to carry an election that authorizes the issue of bonds, it is only necessary that three-fifths of all those voting at the election are in favor of the issue; the presumption being that those who did not attend the election, or did not vote therein, assented to the express will of those attending and voting. We are of the opinion, and so hold, that the provision in said section 26, article 10, of the Constitution, that "without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose," is so plain that it cannot possibly be interpreted to mean that the election must be carried by three-fifths of all the electors of the school district. Faulk et al. v. Board of Commissioners of Marshall County, 40 Okla. 705; 140 Pac. 777; North et al v. McMahan, 26 Okla. 502, 110 Pac. 1115.

In the case of Carroll County v. Smith, 111 U. S. 556, 4 Sup. Ct. 539, 28 L. Ed. 517, it is held:

"A provision in the Constitution of Mississippi, that the Legislature shall not authorize a county to lend its aid to a corporation unless two-thirds of the qualified voters shall assent thereto at an election to be held therein does not require an assenting vote of two-thirds of the whole number enrolled as qualified to vote, but only two-thirds of those actually voting at the election held for the purpose."

In 15 Cyc. p. 388, § 15, it is said:

"When a constitution or a statute requires that an officer shall be chosen or a question decided by a majority of the votes of a county or other civil division, this does not mean that a majority of all the persons entitled to vote shall actually vote in the affirmative, but that the result shall be determined by a majority of the votes cast. All qualified voters who absent themselves from an election duly called are presumed to assent to the express will of the majority of those voting, unless the law providing

for the election otherwise declares." Howland v. San Joaquin County, 109 Cal. 152, 41 Pac. 864; People v. Harp, 67 Ill. 62; Taylor v. McFadden, 84 Iowa, 262, 50 N. W. 1070; State v. Cornell, 53 Neb. 556, 74 N. W. 59, 39 L. R. A. 513, 68 Am. St. Rep. 629; Werner v. Galveston, 72 Tex. 22, 7 S. W. 726, 12 S. W. 159; Metcalfe v. Seattle, 1 Wash. 297, 25 Pac. 1010; Sanford v. Prentice, 28 Wis. 358.

In Ruling Case Law, vol. 9, § 117, p. 1116, it is said:

"And so a constitutional provision, requiring the assent of two-thirds of the qualified voters of the county, at an election lawfully held for that purpose, to a proposed issue of municipal bonds, means the vote of two-thirds of the qualified voters present and voting at such election in its favor as determined by the official return of the result. Voters not attending the election or not voting on the matter submitted are presumed to assent to the expressed will of those attending and voting, unless the law providing for the election declares otherwise."

It follows that the trial court did not err in dissolving the restraining order, and denying a temporary injunction, and its judgment in case No. 8292 is affirmed.

While case No. 8292 was pending in this court, case No. 8769 was called for trial on its merits.

The evidence in this case, case No. 8769, is the same as in case No. 8292.

The defendant in error demurred to the evidence, which demurrer was sustained by the court, a perpetual injunction denied, and judgment rendered against plaintiff in error for costs, to which action of court plaintiff in error duly excepted.

"Where the evidence introduced by the plaintiff in a cause, when viewed in its strongest aspect, admitting all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may reasonably and logically be drawn from it, fails to establish the plaintiff's case, it is the duty of the trial court to sustain the demurrer thereto." Farmers' State Bank of Jefferson v. Jordan, 61 Okla. 15, 160 Pac. 53.

We think, and so hold, that the trial court did not err in sustaining the demurrer to the evidence.

Upon authority of case No. 8292, Sam Mason et al. v. School District No. 72, Blaine County, this case No. 8769, is affirmed.

By the Court: It is so ordered.