## WRIGHT v. CONSOLIDATED SCHOOL DIST. NO. 1, MAJOR COUNTY, et al.

No. 15787—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 31, 1925.

**Schools and School Districts—Consolidated District—Bond Issue—Computation of Indebtedness.**

Where school districts have been consolidated, it is proper in determining the indebtedness of the consolidated district to charge as a debit the outstanding bonded indebtedness of one of the districts forming such consolidation, and it is also proper to offset against said indebtedness the value of assets, including a school building owned by said school district. Mitsler v. Eye, 107 Okla. 289. 231 Pac. 1045, followed.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Major County.

Action by E. D. Wright against Consolidated School District No. 1, Major County, et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Claud B. Wood and Tom E. Willis, for plaintiff in error.

Warren K. Snyder, for defendants in error.

Opinion by LYONS, C. The appellant in this case attacked the legality of a bond issue of consolidated school district No. 1, of which what was formerly school district No. 264 is a portion. Bonds were voted in the sum of $25,000, and it is contended that said issue is void and illegal for the reason that the indebtedness represented thereby is in excess of five per cent. of the valuation of the taxable property within the school district, as shown by the last assessment for state and county purposes previous to the incurring of such indebtedness.

The controversy turns upon the question of how the total amount of indebtedness should be reached. It is the contention of the appellee that the property and money of school district No. 264, which is one of the district's component parts by the consolidation, may be offset against the preexisting bonded indebtedness of such district No. 264. The appellant contends to the contrary.

The testimony discloses that said district was the owner of a building the value of which was estimated at $3,500; that said school district was liable for bonded indebtedness incurred prior to the consolidation in the sum of $3,843.52; that if the value of the building was permitted to be offset against the total indebtedness that the new bond issue in the sum of $25,000 was not in excess of the five per cent. limit.

It is earnestly contended by the appellant that the value of such building cannot be offset against the indebtedness, and that under the statutes regulating the issuance of bonds and the incurring of indebtedness, the trial court committed a reversible error in permitting the value of such building to be taken into consideration as an offset.

We think this question has been squarely decided in the case of Mitsler v. Eye et al., 107 Okla. 289, 231 Pac. 1045, where it is said:

"In determining the assessment which governs the calculation it is only necessary to read the latter part of the constitutional provision. It provides the valuation shall be 'ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness.' When is the indebtedness incurred? Obviously when the obligations by which the district is bound are issued and value received for them. There is no indebtedness until the money is received by the district. The money is not received until the bonds are issued, approved as required by law and delivered to the purchasers. 'Where a vote is required, the validity of bonds issued pursuant to such vote is to be determined by the last assessment of the property before the bonds are issued, not the last assessment before they are voted or directed to be issued.' Dillon on Municipal Corporations (5th Ed.) vol. 1, page 403. This holding is sustained by the vast weight of authority: Gray on Limitations of Taxing Power, section 2162; McQuillin on Municipal Corporations, vol. 5, sec. 2232; 28 Cyc. 1584; Frost et al. v. Central City (Ky.) 120 S. W. 367; City of Austin v. Valle (Tex.) 71 S. W. 414; Goodson v. Dean (Ala.) 55 South. 1010; State ex rel. Galles v. Bd. of Com. (Mont.) 185 Pac. 456; Seymour v. City of Tacoma (Wash.) 33 Pac. 1059; Culbertson v. City of Fulton (Ill.) 18 N. E. 781; Redding v. Esplin Borough (Pa.) 56 Atl. 431; Janes v. Racine Water Co. (Wis.) 143 N. W. 707; State v. City of Tomahawk (Wis.) 71 N. W. 86; State ex rel. Morse v. Cornwell (S. C.) 18 S. E. 184; Gibson v. Knapp, 47 N. Y. S. 446; Thompson Houston Co. v. City of Newton, 42 Fed. 723; Dudley v. Bd. of Com., 80 Fed. 672; Bd. of Education v. Natl. Life Ins. Co., 94 Fed. 324; Corning v. Bd. of Com., 102 Fed. 57. The trial court found that the assessment of the consolidated district for 1923 was $541,320, and that the

bonds were 4.6% thereof. The court further finds that the existing indebtedness of former school district No. 27, the only one in question, was $3,000 less $554.47 in the sinking fund, leaving a net indebtedness of $2,445.53. The court further found that the assets of the old district required by law to be applied to the payment of this debt were $7,700. This being an injunction suit, we can assume that this property can be sold prior to the issuance of the bonds, and the entire district be free from debt, before their issuance. It is affirmatively shown from the record that consolidated district No. 2 has enough cash on hand to take up the bonds. Inasmuch as any overplus must go to the new consolidated district under the law, it can become a purchaser of this property for such an amount as it sees fit, not less than the bonded and floating indebtedness of the old district."

This case, like the foregoing, is an injunction action, and since the judgment of the trial court denying the injunction is supported by evidence disclosing assets which may be converted prior to the issuance of the bonds, and disclosing further affirmatively that such assets, when taken into consideration, reduce the total amount of indebtedness, including the bond issue, below the five per cent. limit, it is clear that the judgment of the trial court is right.

No manifest error is made to appear, and the cause must therefore stand affirmed.

By the Court: It is so ordered.