## CONSOLIDATED SCHOOL DIST. No. 97 et al. v. SLOAN et al.

No. 16564. Opinion Filed June 28, 1927.

Rehearing Denied March 5, 1929.

Bailey & Hammerly, for plaintiffs in error.

Melton & Melton, for defendants in error.

CLARK, J. The parties herein, for con-

venience, will be referred to as they appeared at the trial court.

J. B. Sloan, C. B. Doss, H. L. McCracken, J. L. Hartin, and A. E. Hennings commenced this action in the district court of Grady county, Okla., against consolidated school district No. 97, Grady county, Okla., and W. H. Duckwall, chairman, Mrs. Alta Wise, clerk, and J. P. Thomas, director, and officers of said consolidated school district. Later, a number of resident taxpayers of said consolidated district No. 97 filed a motion and request with the court that they be permitted to intervene in said cause and be made parties thereto, and that they be permitted to adopt the answer theretofore filed in said cause. The record fails to disclose any order of court passing on said motion.

Plaintiffs allege that they are resident taxpayers within consolidated district No. 97 in Grady county, Okla., and that said consolidated district No. 97 is a duly organized consolidated school district under the laws of the state of Oklahoma, and that H. W. Duckwall, Mrs. Alta Wise, and J. P. Thomas are the duly elected, qualified, and acting officers of said consolidated school district; that the said district was organized in the year 1920, under and pursuant to the laws of the state of Oklahoma, and in the organization of said district there was included what was then known as district No. 3, in Grady county, Okla., and the territory embraced within said school district No. 3, which included the town of Tuttle and vicinity. That the plaintiffs are residents and taxpayers in the territory formerly comprising school district No. 3 and which was included in and is now a part of said consolidated district No. 97, and in addition to said plaintiffs there were numerous other persons, owners of real and personal property, in said district No. 3, and now in said consolidated district, and that these plaintiffs sued in their own behalf and in behalf of all the taxpayers similarly situated. That at the time of the organization of said consolidated district No. 97, school district No. 3, which became a part thereof, owned school property in the town of Tuttle, Okla., with school building located thereon, consisting of one new brick building, all of which at such time was of the value of $25,000. And at the time of consolidation, school district No. 3 had a bonded indebtedness against said district property therein, outstanding and unpaid, of more than $25,000, and for the payment of which taxes were annually levied against the real and personal property embraced within said district No. 3. That at the time of such consolidation and the organization of district No. 97, the officers of such consolidated district, under the law, were required to sell the real and personal property of each of the districts embraced within said consolidated district and apply the proceeds from such sale to the bonded indebtedness of the districts owning the property sold. That the consolidated school district No. 97 and the officers of said district have failed and refused to sell the property herein described which belongs to district No. 3 and apply the proceeds therefrom to the bonded indebtedness against the property within district No. 3, described in said petition.

Said defendants have used said property for the benefit of said consolidated district, and still continue to possess, hold, and use said property for said purpose.

Plaintiffs allege that there is now outstanding a bond of district No. 3 of more than $23,000, for the payment of which an annual tax must be levied against the said real and personal property in district No. 3. That the value of said property is more than the sum of $23,000, and these plaintiffs, in their behalf and in behalf of other taxpayers in district No. 3 similarly situated, are entitled to a judgment against the defendant, consolidated school district No. 97, for the value of said property in the sum of $23,000 and a lien upon said property to secure payment of said judgment, the proceeds therefrom to be applied in payment and discharge of the bonded indebtedness assessed against district No. 3, herein described.

Defendants answered by way of a general denial, but admitted that school district No. 97 was organized in 1920 and included said school district formerly known as district No. 3; denied that at the time of organization said property of said district No. 3 was valued at $25,000, and denied that the law required that the officers of said school district No. 97 should sell the property of said school district No. 3 and apply the proceeds therefrom to the paying and liquidating of any outstanding bonds of district No. 3. Defendants denied that plaintiffs were entitled to recover against said school district No. 97 for the value of property or any part thereof, and denied that they are entitled to have said property sold.

The cause was tried to the court without the intervention of a jury. The court found that at the time said consolidated district No. 97 was organized, district No. 3 owned lot 48 and the north half of block 59 and the north half of block 45 in the town of Tuttle, with the brick school building located

thereon, and other property, on which there was an outstanding bonded indebtedness, at the time of consolidation, in the sum of $25,-000. At the time of the trial this bonded indebtedness amounted to $19,723. That the assessments to pay said indebtedness could only be made against the property formerly located within the boundaries of district No. 3. That under the law it was the duty of the officers of the consolidated district to sell this property and apply the proceeds to the discharge of the bonded indebtedness of district No. 3, the district having no floating indebtedness. That the officers of said district had failed to perform this duty; that the property had not been sold, but the consolidated district had taken possession of the property and used it for the benefit of the consolidated district, while the taxpayers in that part of the consolidated district formerly embraced in district No. 3 were being assessed to pay the bonded indebtedness. And the court decreed as follows:

"It is therefore considered, ordered, adjudged and decreed that defendants, H. W. Duckwall, Mrs. Alta Wise and Earl Wright, the officers of consolidated school district No. 97, and their successors, be and they are hereby, directed to proceed at once to sell block No. 48, the north half of block No. 59 and the south half of block No. 45, in the town of Tuttle, according to the plat thereof, together with the school buildings located thereon, in accordance with the laws of the state of Oklahoma, for the sale of such property by the officers of consolidated school districts. The proceeds derived from the sale of such property to be applied on the discharge of the bonded indebtedness outstanding against school district No. 3, and if the proceeds from the sale of such property shall amount to more than the outstanding bonded indebtedness against school district No. 3, then the balance shall be retained by said officers for the use and benefit of consolidated school district No. 97, and upon such sale said officers shall convey title to the purchaser.

"It is further considered, ordered, adjudged and decreed that if the officers of said consolidated school district No. 97 shall fail or refuse to sell said property in accordance with law for a period of 40 days, then, in that event and upon such failure or refusal, the sheriff of Grady county, Okla., shall upon special execution and order of sale to be issued by the court upon the application of plaintiffs sell said property at public sale to the highest bidder after advertisement, as provided by law in the sale of property upon execution, and make application of the proceeds as may be directed by the court after confirmation of such sale.

"It is further considered, ordered, adjudged and decreed that the plaintiffs recover all their costs in this behalf expended, for which let execution issue."

To which action of the court the defendants excepted and brought this cause here for review.

Plaintiffs in error present two assignments of error:

(1) That the trial court erred in holding that plaintiffs were entitled to maintain this action.

(2) That the decision of the trial court was contrary to the law and not sustained by law.

There was no contention that the evidence was insufficient to sustain the findings of the trial court.

The first assignment, Could plaintiffs maintain this action? Neither plaintiffs nor defendants cite any authorities in their briefs on this particular assignment.

In the case of Kellogg v. School District No. 10, Comanche County, 13 Okla. 285, 74 Pac. 110, this court said in syllabus paragraphs 1 and 2:

"1. A resident taxpayer, although he shows no special private interest, may invoke the interposition of a court of equity to prevent an illegal disposition of the money of the municipality, or the illegal creation of a debt which he, in common with other property owners, may otherwise be compelled to pay.

"2. Injunction at the suit of a taxpayer is the proper remedy to restrain a school district from contracting for or constructing schoolhouses at unauthorized places, and contracting liabilities therefor which the district would be liable for, and the taxpayers required to pay."

We think the reasoning in this case sustains the defendants in error in their position. If a resident taxpayer can invoke the interposition of a court of equity to prevent an illegal disposition of the money of the municipality or the illegal creation of a debt which he, in common with other property owners, may be otherwise compelled to pay, a resident taxpayer could invoke a court of equity to compel a school board to perform a plain statutory duty which would relieve him from paying a debt or which would decrease his liability on a bonded indebtedness.

Plaintiffs in error rely on the case of Thompson v. Haskell, 24 Okla. 70, 102 Pac. 700, which held that, where an election had been held for the purpose of detaching certain territory from one county and annexing the same to another, neither can a resident tax-

payer of said proposed detached territory nor a resident taxpayer of said county, not within said proposed detached territory, maintain an action for the purpose of contesting such election and restraining the Governor from issuing a proclamation as to the result thereof.

In the body of the opinion it is said that, when a party seeks the intervention of a court of equity to stay the administration and execution of the law by the executive department of state, he must bring himself clearly within the rule, and show an irreparable injury or otherwise a clear right thereto, before equity will lend its strong arm to stay the administration or work of the co-ordinate branch of government.

We think that this case does not apply to the facts in the instant case and is not controlling. We are therefore of the opinion that plaintiffs could maintain this action.

The next assignment of error, that judgment of the trial court is contrary to the law and not sustained by the law:

Section 10469, C. O. S. 1921, is:

"Adjustment of Finances of Disorganized Districts. If any school district uniting to form a consolidated district shall have, at the time of its disorganization, a legally bonded indebtedness, such indebtedness shall attach to and become a charge against the territory comprised in such disorganized district at the time of the disorganization, and it shall be the duty of the county excise board of the county or counties in which such territory is located to cause annually to be levied upon the property, real and personal in such disorganized territory, a tax sufficient to meet the interest and provide a sinking fund for the payment of such indebtedness; provided, that the assets and property of any disorganized district having an indebtedness shall first be applied in payment of its floating indebtedness, if any, and then its bonded indebtedness, and the residue, if any, shall belong to the consolidated district."

This section of the statute provides that the property of the disorganized district should first be applied to the floating indebtedness of the disorganized district, then to the bonded indebtedness of the disorganized district, then the residue, if any, shall belong to the consolidated district.

Under this section of the statute the consolidated district takes and holds the property of the disorganized district under the terms and conditions of this statute, and in the instant case the property of district No. 3 should first be applied on the bonded indebtedness of district No. 3, and

then the residue, if any, would belong to the consolidated district. It would be inequitable and unfair for the taxpayers of the disorganized district No. 3 to be taxed to pay for property which was being used by district No. 97. Disorganized district No. 3 and consolidated district No. 97, under the law, are different and distinct municipal corporations.

This court in the case of Mitsler et al. v. Eye, 107 Okla. 289, 231 Pac. 1045, held that it was the duty of the school board of a consolidated district to dispose of the property of the disorganized district as provided by section 10469, supra, and at page 291 (231 Pac. p. 1047) of said opinion this court said:

"The court further found that the assets of the old district required by law to be applied to the payment of this debt were $7,700. This being an injunction suit, we can assume that this property can be sold prior to the issuance of the bonds, and the entire district be free from debt before their issuance."

The court was speaking of assets of a disorganized district. It would be manifestly unfair to the taxpayers of district No. 3 to bear the expenses of furnishing a school building for consolidated district No. 97. The statute states that the school board of said consolidated district shall sell the assets and property of any disorganized district having an indebtedness, and proceeds therefrom shall be first applied on payment of its floating indebtedness, if any, and then on its bonded indebtedness, and the residue shall become the property of the consolidated district.

The court in the instant case found that there was no floating indebtedness, and this property, the property of the disorganized district, becomes the property of the consolidated district upon the condition that, if there is a bonded indebtedness, the statute be complied with, which provides that the property of said disorganized district shall be sold, proceeds applied to the bonded indebtedness, and the residue then becomes the property of the consolidated district.

We are therefore of the opinion that it was the duty of the defendants, the school board, to dispose of the property and apply the proceeds, first, to the bonded indebtedness of the disorganized district, and, second, the residue, if any, shall become the property of the consolidated district.

This being the judgment of the trial court, and finding no error, said judgment is affirmed.

BRANSON, C. J., and HARRISON,

PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 35 Cyc. pp. 851, 1049.