CRAWFORD, Treasurer of Consol. School Dist No. 8 of Tillman County, v. BRISLEY.

No. 17492.    Opinion Filed June 19, 1928.

(Syllabus.)

1. **Schools and School Districts—Formation of Consolidated District—Disposition of Assets of Disorganized District.**

Where a consolidated school district is organized under the provisions of chapter 86, art. 11, C. O. S. 1921, the assets of the disorganized district shall be applied to the payment of the floating indebtedness of the district, if any, then to the bonded indebtedness, any residue to become the property of the consolidated district.

2. **Mandamus—Writ to Compel Treasurer to Register Legal School District Warrants.**

School district warrants regularly issued and signed by the clerk, director, and member of a common school district, issued in payment of a legal contract for teaching, which contract was based upon an estimate made and approved, are entitled to be registered by a treasurer who holds funds collected by taxes levied upon the district to pay said warrants, and such treasurer may be compelled by mandamus to so register said warrants.

3. **Schools and School Districts—Registration of Warrants as Prerequisite to Suit Thereon.**

Registration of school district warrants is a condition precedent to maintenance of an action at law based upon such evidence of indebtedness.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Ben Brisley against T. C. Crawford, Treasurer of Consolidated School District No. 8, Tillman County, in mandamus. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilson & Roe, for plaintiff in error.

Mounts & Chamberlin, for defendant in error.

RILEY, J. A contract was entered into by and between school district No. 150, Tillman county, and D. W. Cathers, whereby the latter was employed to teach the school of the former for the year 1919-20. For the fiscal year 1919-20, school district No. 150 made its estimate, caused to be levied and collected taxes for the purpose, amongst

other things, of paying the conditions of the contract heretofore mentioned. In August thereafter, a number of school districts contiguous to school district No. 150 attempted to form themselves into consolidated school district No. 8. The newly formed consolidated district embraced school district No. 150. Considerable litigation resulted. A temporary injunction was issued July 30, 1919, restraining the holding of an election on the matter of consolidation and other acts toward consolidation, but the election was held contrary to the injunction and consolidation was declared. In February, 1920, the temporary injunction theretofore granted was made permanent and the election on consolidation theretofore held was declared void by the district court. An appeal was had, and this court reversed the judgment of the district court and the cause was ordered dismissed. Davis v. Whitehead, 86 Okla. 274, 208 Pac. 216, decided June 30, 1922.

In the meantime Cathers had taught the school in district No. 150, under his contract based upon the estimate and approved. The warrants in controversy were regularly issued to Cathers as such teacher. In fact, no consolidated school was taught or organized in any of the districts now a part of consolidated district No. 8 for the school year 1919-20, but the common schools continued for the year 1919-20 in each of the common school districts, which were subsequently formed and organized as the consolidated school. However, all of the common school district teachers except No. 150 signed additional contracts with the advocates of consolidation for the year 1919-20. After the common school No. 150 was taught by Cathers, the consolidated district took over the taxes collected and other property and assets theretofore held in the name of district No. 150.

Section 10469. C. O. S. 1921. provides that the assets and property of any disorganized district having an indebtedness shall first be applied in payment of its floating indebtedness, if any.

Herein Cather was employed by a lawful contract based upon an estimate made and approved (C.-M. 68)—"I think we will concede that the estimate was made and taxes collected for the purpose of maintaining this particular district for that year."

The warrants as shown by Exhibit A (C.-M. p. 50) were drawn upon an estimate made and approved in the sum of $1,075. The amount of the warrant was $150. The

balance was shown—$970—and the warrants were shown to be directed against the general fund provided for school district No. 150 for the fiscal year ending June 30, 1920. They were not shown to have been registered by the clerk of consolidated district No. 8 (60), who had secured the money raised by the tax levy to pay these warrants, but demand was made upon that officer to perform that ministerial act and he refused to comply (60-62), and so stated in writing.

These warrants were issued to the regularly employed teacher. They were signed by the director, clerk, and member comprising the board of district No. 150. In reference to the contract of Cathers, Mr. Crawford, treasurer of consolidated district No. 8, testified that Cathers had been employed by district No. 150 prior to the time the election on consolidation was held (73); and that they did not question but what his contract was executed prior to the organization of the new district (74). That consolidated school district No. 8 collected all the taxes from district No. 150 for the year 1919, and retained the money (74). That they paid all other teachers who taught in the various districts concerned for that year. That the sinking fund and all other funds of district No. 150 were transferred to the consolidated district (77).

Now it cannot be reasonably maintained that Cathers, at sometime or other after the performance of his contract, lawful in itself, would not have had a good cause of action as against consolidated district No. 8. That fundamental premise will be admitted by reason of section 10469. supra. Also. Mitsler v. Eye, 107 Okla. 289, 231 Pac. 1045. where it was held by this court:

"Where a consolidated school district is organized under the provisions of chapter 86. art. 11. C. O. S. 1921. the assets of the disorganized district shall be applied to the payment of the floating indebtedness of the district. if any. then to the bonded indebtedness, any residue to become the property of the consolidated district."

It is true in Missouri. Thompson v. Abbott, 61 Mo. 107, where it was held:

"A new district is liable for the salary of the teacher of the abolished district."

It is the rule in Kansas (Hoffield v. Newton, 33 Kan. 644, 7 Pac. 216). It is so declared in North Dakota (Coler v. Coppin, 85 N. W. 988). Minnesota adheres to this rule (Wynona v. School District, 41 N. W. 539). Even in the absence of a statute such

as ours, it is the majority rule of adjudicated cases. 35 Cyc. 851, which says:

"When an old district is abolished, or two old districts consolidated, and a new district or districts formed from the territory of the old district or districts, the new district or districts are liable for all the existing legal debts and liabilities thereof."

It is practically the universal rule governing merger of municipal corporations, as recited in Mount Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699.

In fact and in law the treasurer of consolidated district No. 8 took over the assets of district No. 150, including the taxes collected to pay this contract of Cathers, as an agent of the disorganized district in so far as the assets were charged with a liability, either floating or bonded. Section 10496, supra. The duty to pay this indebtedness was transferred by law from the disorganized district to the consolidated district. The registration of the warrants as sought in this equitable action is merely an incident and a ministerial act toward payment. The consolidated district became merely custodian and trustee of the funds charged as they were with the liability for this contract represented by these warrants. The only excuse for not paying these warrants was they were not issued by the consolidated district. That pretense is repudiation of a contractual obligation which existed prior to the creation of the consolidated district, which inherited, so to speak, the very funds created to pay the debt. It is to say: "The laborer is unworthy of his hire." It is to hide behind technicalities so as to avoid performance of a duty imposed by law. What if there is no law that specifically says the treasurer of a consolidated district shall register the warrant under such conditions as presented here. There is the general law that imposes the duty upon such a treasurer to whom a warrant is directed for payment to register the same. Now by law this treasurer had acquired the assets of the disorganized district, and likewise, by specific provision of statute, the consolidated district represented by this treasurer had acquired a duty to pay the indebtedness represented by these warrants. In fact, the consolidated treasurer had become the treasurer of the common school district 150, for the simple reason that he secured and held these funds raised to pay these specific warrants. Section 8634, C. O. S. 1921. Theretofore the county treasurer was ex-officio school treasurer; upon disorganization of district No. 150, that

office ceased; treasurer of consolidated district No. 8 seized the funds of district No. 150 and assumed the assets of treasurer ex-officio. He ought not to be heard to deny the duties and liabilities.

It is provided by the section last cited that:

"No warrant * * * shall be a valid charge until registered by the treasurer of the municipality issuing the same."

So then, as a condition precedent to remedy at law (which all will admit defendant in error was justly entitled), the holder of the warrants sought first relief in equity, i. e., to have his warrants registered by the treasurer is fact, as the statute said he must do and as this court said he was bound to do.

In Bank of Chelsea v. School Dist. No. 1, Rogers County, 62 Okla. 185, 162 Pac. 809, this court considered a cause wherein an action at law was instituted upon school warrants prior to registration and held that the action at law was prematurely brought; by reason of a writ of mandamus having issued subsequent to the asserted legal action and directed to an ex-officio school treasurer compelling him to register the warrants, the judgment in the action at law was modified so that the same would not be considered an adjudication of the rights of the owner of the warrant upon warrants subsequently registered. In other words, registration was held to be a condition precedent to maintenance of the action. By the law there announced, this plaintiff was directed to seek equitable relief by mandamus. He was compelled to secure registration before his cause of action would be heard. This he has done, and the judgment of the trial court issuing the writ of mandamus compelling registration should be affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, CLARK, and HEFNER, JJ., concur. HUNT, J., dissents.

Note.—See under (1) 35 Cyc. p. 851. (2) 29 C. J. p. 738, §344. (3) 35 Cyc. 987.