## REYNOLDS et al. v. STARK et al.

No. 14194—Opinion Filed July 17, 1923.

(Syllabus.)

**Schools and School Districts—Bond Election —"Existing Indebtedness" — Computation.**

In computing the amount of existing indebtedness for the purpose of voting bonds for school district purposes under section 26, art. 10, of the Constitution of Oklahoma, the amount of the outstanding bond issues should be added to the amount of the proposed issue, and from this total should be deducted the cash and securities in the sinking fund of the school district, and the difference constitutes the existing indebtedness of the school district.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Joe Reynolds and others, taxpayers, against N. H. Stark and others, composing School Board of School District No. 37, Okfuskee County, to enjoin issuance and sale of school bonds. Judgment for defendants, and plaintiffs bring error. Affirmed.

Phillips & Douglass and Vern C. Akins, for plaintiffs in error.

White & Nichols, for defendants in error.

E. L. Richardson and Geo. P. Glaze, amici curiae.

COCHRAN, J. On the 9th day of May, 1922, a special school election was held in school district No. 37, Okfuskee county, for the purpose of voting school bonds to the amount of $8,900. On that date there was a bonded indebtedness of said district in the sum of $3,400. The bonded indebtedness then standing against the district, together with the new bonds voted, would total an outstanding bonded indebtedness of $12,300. At that time, the county treasurer's records of Okfuskee county showed to the credit of the sinking fund of this school

district the sum of $2,501.92. Certain taxpayers of the district filed this suit to enjoin the issuance and sale of the bonds authorized at the election on May 9, 1922, on the ground that the bonds voted on that date, when added to the outstanding bonds of $3,400, created a bonded indebtedness exceeding 5 per cent. of the valuation of the taxable property of such district, in violation of section 26, art. 10, of the Constitution. Judgment was rendered for the defendants, from which this appeal has been prosecuted.

The only question for determination is as to whether in determining the existing indebtedness of the school district the cash and securities in the sinking fund to the credit of the school district may be deducted from the total of the outstanding bond issues. If such deduction can be made, it is conceded the bonds authorized in the instant case were legal; if not, the same were illegal. Section 26, art. 10, of the Constitution, applicable to the question presented here, is as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness."

It is our opinion that the amount of this existing indebtedness is to be computed by adding together the amount of outstanding bonds and the amount of the proposed issue, and deducting therefrom the amount of the cash and securities in the sinking fund to the credit of the school district, and the difference is the existing indebtedness of the school district. Town of Camden v. Fairbanks Morse & Co. (Ala.) 86 South. 8; Dillon on Municipal Corp. (5th Ed.) vol. 1, p. 396; Schuldice v. City of Pittsburg (Pa.) 95 Atl. 938; Kelly v. City of Minneapolis (Minn.) 65 N. W. 115, 30 L. R. A. 281; Bank of Savings v. Grace (N. Y.) 7 N. E. 162; Cogster v. Bayfield Co. (Wis.) 74 N. W. 635; Bednarski v. City of West Hammond, 107 Ill. App. 543; Williams v. Aldrich (S. D.) 108 N. W. 1063; City of Eau Claire v. Eau Claire Water Co. (Wis.) 119 N. W. 555; Miller v.

City of Glenwood (Iowa) 176 N. W. 373; Abbott on Mun. Corp., vol. 1, pp. 355-359; Stone v. City of Chicago (Ill.) 69 N. E. 970; Johnson v. County Commissioners, 7 Okla. 686, 56 Pac. 701.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, BRANSON, and HARRISON, JJ., concur.