## KIRK v. SCHOOL DIST. NO. 24, GREER CO., et al.

No. 14637—Opinion Filed March 10, 1925.

(Syllabus.)

1. Schools and School Districts — Constitutional Limit on Indebtedness — Computation—Deduction of Amount in Sinking Fund—Right to Issue Bonds.

Section 26 of art. 10 of the Constitution of Oklahoma limits the aggregate amount of indebtedness which a county, city, town, township, school district, or other political corporation, or subdivision of the state, may contract, to five per centum of the valuation of the taxable property therein. And, in computing the amount of the existing indebtedness for the purpose of voting bonds the amount of the outstanding bond issue should be added to the amount of the proposed bond issue, and from this total should be deducted the amount of the cash and securities in the sinking fund of the municipality, and the difference constitutes the existing indebtedness of such municipality.

2. Same—Bonds for School Building—Constitutional Provisions.

Sections 9 and 10 of art. 10 of the Constitution of Oklahoma limit the amount of taxes to be levied for school purposes to twenty mills on the dollar. However, the limitation therein provided does not interfere or conflict with the provisions of sections 26, 27 and 28 of art. 10, providing for voting and issuing school bonds for the purpose of building school houses. Sections 9 and 10 provide for a tax levy for specific purposes, and sections 26, 27 and 28 provide a method for creating indebtedness for specific purposes, and neither provision conflicts with the other in its operation.

Error from District Court, Greer County; T. P. Clay, Judge.

Injunction by E. A. Kirk against School District No. 24 of Greer County et al. Judgment for defendants, and plaintiff brings error. Affirmed.

A. M. Stewart and Wm. M. Williams for plaintiff in error.

H. D. Henry, for defendants in error.

W. J. Hulsey, B. S. Null, and Lena Hulsey, amici curiae, appearing for the Board of Education of the City of Hartshorne, Board of Education of the City of Haileyville, Board of Education of the City of Krebs, and School District No. 19, all of Pittsburg County.

W. F. Evans and Stuart, Sharp & Cruce, amici curiae, for St. Louis-San Francisco Ry. Co.

George F. Short, Atty. Gen., by Randell S. Cobb, Asst. Atty. Gen., and Anglea & Crabb, special counsel, amici curiae.

W. R. Bleakmore, A. T. Boys, and W. F. Collins, amici curiae.

PHELPS, J. On the 5th day of July, 1923, an election was held in school district No. 24 of Greer county, Okla., for the purpose of voting bonds in the amount of $8,000 to build an addition to their district public school building. Said bonds were to run for 20 years and bear interest at the rate of six per cent. per annum. Said bond proposition was declared carried, and the directors of the school district were preparing to issue and sell the bonds when this action was filed by plaintiff in error, who was plaintiff below, for himself as a taxpayer and on behalf of those similarly situated, to enjoin the issuance and sale of said bonds for the reason, as he alleges, that the bonds if issued would be illegal and unauthorized because the amount of the bonds plus the already existing indebtedness of the district would exceed five per cent. of the taxable property therein, and for the further reason that the tax levy to care for the interest on said bonds and to create a sinking fund to pay the same would exceed 20 mills as provided in sections 9 and 10 of article 10 of the Constitution.

In the absence of the district judge from the county, application was made to the county judge, and a temporary injunction was granted prohibiting the sale of the bonds, after which the defendant filed an application in the district court to dissolve such injunction. The district court dissolved the injunction, from which ruling and order plaintiff prosecutes his appeal to this court.

In order for us to determine whether the bonds voted at the election held for that purpose, when issued and sold, would be valid and constitute a binding obligation against said district, it is necessary for us to determine two questions raised by the pleadings and discussed in the briefs herein.

First, would the amount of the bonds plus the already existing indebtedness of the district exceed five per centum of the valuation of the taxable property of the school district?

And, second, would the tax levy to raise a sufficient amount of money to pay the interest on the bonds and to create a sinking fund to pay the principal exceed the limitation fixed by law for that purpose?

The parties to this action have filed briefs herein, and we are also favored with numerous and voluminous briefs amicus curiae. The case was tried below on a stipulation and statement of facts set out in full as follows:

"It is agreed between the parties to this action, to wit:

"(1) That the defendant school district number 24 had an outstanding bonded indebtedness of $5,000 bonds maturing in 1931, when this action was filed by plaintiff.

"(2) That the bonded indebtedness voted on at the recent election in said district number 24 was $8,000.

"(3) That the assessed valuation of said school district number 24 for the year 1923 is about $216,650.

"(4) It is agreed that the county treasurer has in the sinking fund to the credit of said school district number 24 the sum of $3,729.52."

Section 26 of art. 10 of the Constitution of Oklahoma provides that:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness."

In the case of Reynolds v. Stark et al., 90 Okla. 261, 217 Pac. 166, this court held:

"In computing the amount of the existing indebtedness for the purpose of voting bonds for school district purposes under section 26, art. 10, of the Constitution of Oklahoma, the amount of the outstanding bond issues should be added to the amount of the proposed bond issue, and from this total should be deducted the cash and securities in the sinking fund of the school district, and the

difference constitutes the existing indebtedness of the school district."

In the case at bar it was stipulated that at the time this action was filed, the school district had outstanding bonded indebtedness in the sum of $5,000. The bond issue in question consisted of $8,000, making a total of $13,000 indebtedness sought to be incurred. It is stipulated that the county treasurer had in his hands to the credit of the sinking fund of said school district the sum of $3,729.52; deducting the amount in the sinking fund from the total indebtedness would leave a net indebtedness of $9,270.48. It is stipulated that the valuation of the taxable property in the district is $216,650, thus it will be observed that the indebtedness sought to be incurred does not exceed five per centum of the valuation of the taxable property in said district, and plaintiff's contention in this regard cannot prevail.

Plaintiff in error further contends that the issuance and sale of the bonds in question would necessitate a tax levy in excess of 20 mills, the amount prescribed as the maximum under sections 9 and 10 of art. 10 of the Constitution, which read as follows:

"Section 9. Except as herein otherwise provided, the total taxes, on an ad valorem basis, for all purposes, state, county, township, city or town, and school district taxes, shall not exceed in any one year thirty-one and one-half mills on the dollar, to be divided as follows:

"State levy, not more than three and one-half mills; county levy, not more than eight mills: Provided, that any county may levy not exceeding two mills additional for county high school and aid to the common schools of the county, not over one mill of which shall be for such high school, and aid to said common schools shall be apportioned as provided by law; township levy, not more than five mills; city or town levy, not more than ten mills; school district levy, not more than five mills on the dollar for school district purposes, for support of common schools: Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

"Sec. 10. For the purpose of erecting buildings in counties, cities, or school districts, the rates of taxation herein limited, may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such county, city, or school district, voting at such election, shall vote therefor: Provided, that such increase

shall not exceed five mills on the dollar of the assessed value of the taxable property in such county, city, or school district."

It will be observed that in the first part of section 9, supra, this language is used:

"Except as herein otherwise provided, the total taxes," etc.

Sections 9 and 10 of art. 10 of the Constitution relate to entirely different methods of raising revenue from that provided in sections 26 and 27 of art. 10, and are intended for different purposes. It will be observed that under section 10 the rates of taxation provided in section 9 may be increased for the purpose of erecting public buildings in cities, counties, and school districts, provided a majority of the qualified electors of such municipality vote for the same. This section does not, in our judgment, provide for the incurring of indebtedness, but merely authorizes an increase in taxation for the purposes therein specified, to wit, constructing public buildings.

Section 9 provides that a school district may not levy more than five mills on the dollar for school purposes without an election, and that said five mills may be increased by any school district not to exceed ten mills on the dollar valuation on condition that a majority of the voters of a school district vote for said increase. The taxes levied under authority of section 9 of art. 10 of the Constitution are clearly for the purpose of defraying the running expenses of the school. The five mills which may be levied under authority of section 10 of art. 10 is not for current expenses, but for erecting school buildings without having to vote bonds and incurring an indebtedness therefor.

Section 26 of art. 10, supra, deals with the incurring of indebtedness, and not with the rate of taxation, except to limit the same to five per cent. of the valuation of the taxable property of the district. This section states, in substance, that no school district shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding in any year the income and revenue provided for such school district for such year, without the assent of three-fifths of the voters of such district. It is clearly intended that the income and revenue referred to in this section is that income and revenue derived from the taxes levied under authority of section 9, art. 10, and from such other sources as the district may derive revenue.

Sections 26 and 27 of art. 10 of the Consti-

tution are the provisions of our Constitution authorizing the various political subdivisions of the state to incur indebtedness and to vote bonds. In other words, section 9 of art. 10 provides for the raising of revenue sufficient to defray the current expenses necessary in conducting the schools. Section 10 provides for the raising of revenue for the construction of school buildings without incurring any indebtedness, but creating a fund by the levying of taxes for a definite number of years sufficient to produce the sum necessary for the construction of the proposed buildings, without incurring any indebtedness. Section 26 authorizes the school district to incur indebtedness in excess of the income and revenue provided for any year, provided three-fifths of the voters, voting at an election held for that purpose, give their assent thereto. It is also provided that a sufficient amount to pay the interest and principal of the indebtedness as it matures must be raised.

In the case of Williams v. City of Norman, 85 Okla. 230, 205 Pac. 144, this court said:

"The construction of a constitutional provision must not be so strict or technical as to defeat the evident object and purpose of its adoption."

In construing the various provisions of our Constitution that construction must be placed upon them which will give full force and effect to each provision thereof, where the same may be done without an irreconcilable conflict. It seems clear, therefore, that the clause "except as herein otherwise provided" in section 9, art. 10, refers to the exceptions as found in sections 26, 27, and 28 of art. 10. We see no conflict in these provisions of the Constitution, and plaintiff was in error when he attempted to apply the provisions of sections 9 and 10, art. 10, to the bond issue authorized by sections 26, 27, and 28 of art. 10. The judgment of the district court is therefore affirmed, and the opinion heretofore filed in this cause is hereby withdrawn.

NICHOLSON, C. J., BRANSON, V. C. J., and, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur. HARRISON, J., dissents.