### ST. LOUIS-S. F. RY. CO. v. HENDRICKSON, County Treas.

No. 15673.   Opinion Filed Nov. 15, 1927.

(Syllabus.)

1. **Taxation—Action to Recover Illegal Portion of Taxes—Payment of Taxes Due as Condition.**

Where all the taxes "due and payable" are not paid, an action cannot be maintained to recover any illegal portion of the taxes contained in such payment. (Following St. L.-S. F. Ry. Co. v. Hendrickson, 127 Okla. 242, 260 Pac. 476.)

2. **Same—Payment Within Time as Extended by Legislature.**

Where all the taxes remaining due are paid within the time fixed by a joint or concurrent house resolution extending the time of payment of taxes and declaring a time when each half of the taxes will become delinquent, payment within the time so fixed is a compliance with the law. (Following Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969.)

3. **Municipal Corporations—Counties—Constitutional Limitation on Indebtedness.**

Neither the state nor any municipal subdivision thereof shall be allowed to become indebted in the aggregate, in any manner, in excess of 5 per cent. of the value of the property therein, as determined by the last assessment previous to the incurring of such indebtedness.

4. **Same—Taxation—Partial Invalidity of Tax Levy to Pay on Bonds and Interest Which Exceed Debt Limit.**

That portion of a tax levy designed to create a tax and raise revenue to pay the interest and principal of municipal bonds not in excess of the municipal power as declared in section 26, art. 10 of the Constitution is valid, and beyond that is invalid and void.

Commissioners' Opinion, Division No. 2.

Error from District Court, Latimer County; E. F. Lester, Judge.

Action by the St. Louis-San Francisco Railway Company against A. A. Hendrickson, County Treasurer of Latimer County, Okla., to recover certain illegal taxes, the first and second half, respectively, for the year of 1922, paid under protest. Judgment sustaining a demurrer to plaintiff's petition, and plaintiff appeals. Affirmed in part; reversed in part, with directions.

W. F. Evans and Stuart, Sharpe & Cruce, for plaintiff in error.

Claud Briggs, Co. Atty., and G. B. Mitchell, for defendant in error.

HALL, C. It clearly appears from the briefs in this case that the judgment of the court was based upon one principal issue, the limitation of the taxing power, and whether or not that limitation had been exceeded in that particular taxing jurisdiction.

At that time, the case of Eaton, Co. Treas., v. St. Louis-San Francisco Railway Co, 112 Okla. 143, 251 Pac. 1032, had not been decided; and it was the contention of the defendant that the approval of an illegal bond issue by the Attorney General, and no action having been taken within 30 days thereafter to nullify the bonds, that such was, in effect, res adjudicata and would override any limitation set forth in the Constitution. Fortunately, this court held that the Constitution is no such a flexible and impotent instrument. In a subsequent brief filed by the defendant in error it has been suggested that the plaintiff in error should be denied relief as to the first half of the taxes, for the reason that the first half was not paid until January 9th, and that this payment was about eight days too late. The defendant timely filed his motion in the court below to dismiss the action as to the first half of the taxes on this ground. The motion was overruled. But by reason of the decision of this court in the case of St. Louis-San Francisco Ry. Co. v. Hendrickson, Co Treas., 127 Okla. 242, 260 Pac. 476, plaintiff cannot maintain an action for the first half of its taxes paid for said year of 1922 and therefore the motion should have been sustained. However, nothing appears in that decision to preclude the plaintiff from maintaining that portion of its

second cause of action in which it seeks a recovery for illegal taxes paid under protest for the last half of the year of 1922, as these taxes were paid pursuant to both the general statutes and Joint House Resolution No. 1, chap. 248, S. L. 1923, sec. 9722A, Harlow's Supplement, 1927, fixing the time in which taxes could be paid "without penalties." The last half of the taxes was paid on June 13, 1923, fully two days within the operation of the resolution. At that time all the taxes due were paid. The facts fit distinctly the pattern of Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969.

The vital questions in this controversy are: First. Is a tax levy, for the purpose of paying interest on and retiring bonds issued by a municipality, in excess of the limitation fixed by the Constitution a valid levy? Second. Where a levy is made to raise sufficient revenue to pay the interest and principal on bonds within the constitutional limit and in excess of the constitutional limit, will that fact—the levy to pay the **invalid obligation** combined with the levy to pay the **valid obligation**—operate to render the entire particular levy void?

The third question is: When called into question only collaterally by an action to resist illegal taxes paid under protest, to what extent is a bond issue of a municipality valid when a portion of the issue is in excess of the constitutional limit?

With the limitations hereinafter set forth, on the use of the broad term "invalid levy", the first question is answered in the negative. Under section 26, art. 10 of our Constitution, a tax levy creating a tax to pay the interest or principal of municipal bonds, or other indebtedness, in the aggregate exceeding five per cent. of the valuation of the taxable property of the particular taxing jurisdiction incurring the indebtedness, is void to the extent which it attempts to levy such tax to pay the interest or principal on indebtedness in excess thereof.

That question has been definitely settled by this court in the case of Eaton, Co. Treas. v. St. L.-S. F. Ry. Co., supra.

The second issue in this case presents the question as to just what portion of the taxes levied to take care of indebtedness, partly legal and partly illegal, can be recovered by plaintiff in this action. We gather from the petition, and from the brief of defendant in error, that it was the purpose of the plaintiff not only to recover and obtain relief against that part of the tax levy made to retire indebtedness in excess of the five per centum constitutional limitation, but also against that portion of the levy designed to pay the interest on and to create a sinking fund to retire the indebtedness within the constitutional limitation. The prayer for relief based on the particular facts pleaded definitely establishes such purpose.

This contention of plaintiff cannot be sustained. If plaintiff is permitted to recover the sum as prayed for, it will escape its burden of taxation for its proportion or share of the bonded indebtedness incurred prior to June 1, 1922, which indebtedness is conceded to be within the constitutional limit. Also, it would escape its proportion or share of the taxes for this particular year, necessary to pay the interest and create a sinking fund to retire that portion of the $300,000 bond issue, which portion, when added to the previous net bonded indebtedness, would not in the aggregate exceed the constitutional limit which, for this particular year, according to the allegations of the petition, is the sum of $369,089.

Plaintiff can only recover the amount of taxes which it was compelled to pay by reason of that portion of the levy created to pay the interest on, or retire the indebtedness in excess of, the five per centum limitation fixed by section 26, art. 10 of the Constitution.

Bonds of a municipality, issued and approved, and not set aside in some direct proceeding provided by law, are valid up to the constitutional limit, and are invalid in excess thereof. That is, that portion of the bonds, whether all or a fractional part thereof, in excess of the constitutional limit, are void. Therefore, that portion of the tax levy made to raise revenue to pay the interest or principal of invalid bonds—that is, that portion of the bond issue which is invalid by reason of exceeding the constitutional limit as to the amount of indebtedness—is invalid and illegal.

As a corollary to that proposition, a tax levy made to retire outstanding bonds or indebtedness in amounts within the constitutional limit is valid, regardless of the amount of the issue of the bonds or indebtedness in excess of the limitation. That seems to be the settled law. One of the pioneer and leading cases on this point is McPherson v. Foster Brothers, 43 Iowa, 48, in which case, in the 14th paragraph of the syllabus, it is stated:

"Where a municipal corporation issues

bonds to evidence an indebtedness in excess of the constitutional limit, such bonds are valid to the extent of the authorized issue, and invalid beyond that extent."

This case, it appears, was prepared after much research and consideration; and the opinion written by Justice Beck leaves but little, if any, room for doubt as to the correctness of the decision on this point.

Iowa had a constitutional provision (section 3, art. 11) identical with ours (section 26, art. 10). A school district in that state, by reason of already existing indebtedness, could incur an additional indebtedness of only $2,057.50. Nevertheless, the fiscal officers attempted to contract an additional debt of $15,000 in the form of municipal bonds. In discussing the matter in the opinion, the learned Justice said:

"The independent district could become indebted to the extent of five per cent. upon the amount of the last tax list. Deducting the existing indebtedness from such sum, we find the amount of the debt it could contract was $2,057.50. But it has attempted to contract a debt of $15,000. We have seen that for the excess over the prescribed limit no right of action exists against the district. The question now arises, Is the district liable for the amount of the indebtedness within the restricted limit? We think it is. As we have seen, the constitutional inhibition operates upon the indebtedness, not upon the form of the debt. The district may become indebted to the amount of $2,057.50 by bond. If the debt exceeds that amount, it is void as to the excess, because of the inhibition upon the power of the district to exceed the limit, and the bonds as to the same excess are void because of the nonexistence of a valid debt therefor. But this restriction does not extend to the sum of $2,057.50 for which the district had power to issue its bonds. That sum is a valid debt. The bonds to that extent are valid. It is no unusual thing for instruments of this character to be partly valid and partly invalid. So far as they secure a lawful debt they are valid. So far as the debt is unlawful they are invalid. The case is analogous to the act of an agent which is partly within his authority and partly without. The act. so far as authorized. would bind the principal, while, to the extent it was unauthorized, it would not be binding. Of such acts it is said, 'When there is a complete execution of authority and something ex abundanti is added, which is improper, there the execution is good. and the excess only is void.' Story on Agency, sec. 166."

In Schmitz v. Zeh, 91 Minn. 290, 1 Ann. Cas. 326, this same question was decided and discussed at length. The second paragraph

of the syllabus of that case reads as follows:

"Bonds issued by municipalities in aid of the construction of a railroad under statutory power, though the amount thereof be in excess of the amount prescribed by statute, are void only to the extent of the excessive issue."

This exact question was before the Supreme Court of the United States in the case of Daviess County v. Dickinson. 117 U. S. 656, 29 U. S (L. Ed.) 1026, in which case essentially the same facts were involved and the same doctrine and principle of law on this point, as set forth in the McPherson Case, supra, was expressly declared.

The same question was involved and the same principle of law was announced in the cases of Sutro v. Petit County Treasurer, 74 Cal. 332, 16 Pac. 7, 5 A. S. R. 442; Finlayson v. Vaughn. 54 Minn. 331, 56 N. W. 49; Culbertson v. Fulton, 127 Ill. 30. 18 N. E. 781; Nolan County v. State, 83 Tex. 182, 17 S. W. 823.

Of course, this rule would not obtain where a direct action is brought within the statutory time provided for bringing actions to set aside a bond issue, because of an over issue, or any substantial irregularities, or upon any other grounds sanctioned by law. Under such a situation or proceeding, the entire issue would be held invalid and void. This was the holding of this court in the case of Board of Ed. of Town of Owasso v. Short, Atty. Gen., 89 Okla. 2, 213 Pac. 857, the opinion written by Justice Branson.

These bonds issued by Latimer county, in so far as they relate to this proceeding, being valid in a sum constituting the net indebtedness not to exceed five per centum of the valuation of the taxable property for the previous year and invalid in any amount in excess thereof. it logically follows that in like manner a tax levy to pay the principal and interest of these bonds that are within the limitation is valid, and beyond that is invalid; and therefore, at the trial of this cause on its merits, whatever sum has been paid by plaintiff for the last half of its taxes for 1922, because of any excess tax levy to pay the interest or installment principal of the outstanding bonded indebtedness of Latimer county in excess of said constitutional limitation, should be refunded to the plaintiff as provided by law.

It should be observed that in determining the amount of indebtedness which a municipality can incur at any particular time,

in computing the existing indebtedness, the net indebtedness instead of the gross indebtedness should be the basis, as provided in Reynolds v. Stark, 90 Okla. 261, 217 Pac. 166; and Kirk v. School District, 108 Okla. 81, 234 Pac. 596.

The judgment of the district court of Latimer county in this cause is hereby reversed, with instructions to proceed in this cause in accordance with the views expressed in this opinion.

BENNETT, TEEHEE, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.