SCHOOL DIST. NO. 2, CONSOLIDATED, PUSHMATAHA CO., ex rel. HIXON et al. v. GOSSETT, Co. Atty.

No. 20207. Opinion Filed Dec. 10, 1929.

R. S. Howe and H. L. Douglass, for plaintiffs in error.

Louie C. Gossett and F. L. Welch, for defendant in error.

CULLISON, J. This is an appeal from the district court of Pushmataha county, Okla., wherein consolidated school district No. 2, of Pushmataha county, Okla., ex rel. J. W. Hixon, W. B. Barlow, and Walter G. Files, district school board, plaintiffs in error and plaintiffs in the trial court, brought an action against Louie C. Gossett, as county attorney of Pushmataha county, Okla., to require him as such county attorney to certify that a certain $2,500 bond issue alleged to have been voted by the electors of said school district was issued in conformity with the law and within the constitutional debt limit of said district.

The district court in and for said county and state issued an alternative writ of mandamus, requiring the county attorney to either certify that the said bonds were issued in conformity with the law and were within the constitutional debt limit, or to show cause why he should not do so. The county attorney filed his response setting out the reasons why he refused to certify that the said bonds were issued according to law and within the constitutional debt limit.

The cause was heard by the trial court without a jury, upon the petition for writ of mandamus filed by the school district and the county attorney's answer thereto, and, after a complete hearing upon the matter, the trial court denied said petition for the writ of mandamus and held that the proposed bond issue was illegal and void because, if allowed, it would exceed the constitutional limitation.

Those facts in the instant case which stand admitted by the parties to this appeal, and which are likewise disclosed by the record, and which clearly present the issue before the trial court and now before this court on appeal, are as follows:

The electors of the school district aforesaid voted a $2,500 bond issue for the purpose of installing a heating system in the school building in and for said district. The record discloses, and the trial court found it to be a fact, that at the time this bond issue was voted the total assessed valuation of said district was $605,088, and that there was outstanding bonded indebtedness at that time of $25,000; that warrants for the years 1922, 1923, and 1924 had been issued which had not been paid by said district, in the sum of $14,925.96. The amount of sinking fund on hand in said school district, at the time this action was commenced, was the sum of $9,288.37.

The contention of the defendant, county attorney, is that the unpaid warrants together with the interest thereon, when added to the bonded indebtedness of the school district, exceed five per cent. of the district's taxable property, and that the warrant indebtedness unpaid is "existing indebtedness" within the meaning of that phrase as used in the Constitution of Oklahoma, sec. 26, art. 10.

The contention of plaintiff, school district, is that the outstanding unpaid warrants for the years above mentioned should not be taken into consideration in calculating the amount of indebtedness of said district, but in ascertaining the limit to which the district may become indebted by a bond issue, that the total bonded indebtedness should be added to the proposed bonded indebtedness and the amount of the sinking fund on hand deducted, and that if this is done, the proposed bond issue would be within the constitutional limitation.

From the judgment of the lower court holding that the proposed bond issue was illegal and void because, if allowed, it would exceed the constitutional limitation, plaintiffs appeal to this court.

Plaintiffs set out numerous assignments of error, but elect to discuss all assignments under the proposition:

"That the verdict of the court is contrary to the law and the evidence and is not supported by law."

We think the controlling question in the case at bar is one of law, namely:

"Are the unpaid outstanding warrants of said school district, in the sum of $14,925.96, together with interest thereon, 'existing indebtedness' within the meaning of that phrase as used in section 26, art. 10, of the Constitution of Oklahoma?"

As is stated by plaintiff, school district, at page 37 of their brief:

"Of course, when the court below made its finding and rendered judgment holding that the warrants for the years 1922-23-24 were issued and which had not been paid by the

district in the sum of $14,925.96, by adding the $14,925.96 warrants in process of collection issued for the years herein set out as shown in the face of the judgment, would place this present proposed bond issue over and above the five per cent. limitation as fixed by the Constitution, and the bond issue could not be put through, as it would be in violation of section 26, art. 10, in that when you add the $14,925.96 it would exceed the five per cent. limitation as fixed by the Constitution.

"In other words, it was agreed in the lower court, and the court understood and all parties understood, if this $14,925.96 worth of warrants should be considered in determining when the district could issue bonds as herein argued, then as a natural consequence the bond issue could not be put through, but if the warrants in process of collection are not to be taken into consideration, then the proposed bond issue is within the limit and the county attorney of Pushmataha county, respondent, should so certify."

Section 26, art. 10, of the Constitution of Oklahoma, here under consideration, provides:

"Limitation upon Debts of City, County, etc.—Vote by People—Sinking Fund. No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount **including existing indebtedness,** in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness. * * *"

It is conceded by the parties to this appeal that if the unpaid warrants in the instant case constitute "existing indebtedness" within the meaning of that phrase as used in section 26, art. 10, supra, then the bond issue exceeds the constitutional debt limit.

It is likewise conceded, and necessarily follows, that if said warrants do not constitute "existing indebtedness" within the meaning of said section, above, then the bond issue would be within the constitutional debt limit and valid.

Are the unpaid warrants in the case at bar "existing indebtedness" within the meaning of that phrase as used in section 26, art. 10, of our Constitution?

We have, after careful and thorough examination, found no decision by this court passing directly upon the question here presented for judicial determination.

Plaintiffs in their brief cite decisions by this court holding:

"In computing the amount of existing indebtedness for the purpose of voting bonds for school district purposes under section 26, art. 10, of the Constitution of Oklahoma, the amount of the outstanding bonds issued should be added to the amount of the proposed bond issue, and from this total should be deducted the cash and securities in the sinking fund of the school district, and the difference constitutes the existing indebtedness of the school district." Citing: Reynolds v. Stark, 90 Okla. 261, 217 Pac. 166; Mitsler v. Eye, 107 Okla. 289, 231 Pac. 1045; Kirk v. School Dist. No. 24, Greer Co., et al., 108 Okla. 81, 234 Pac. 596.

It is true that these cases state the general rule as to the manner of computation to determine whether proposed indebtedness falls within the constitutional limitation. But these cases do not pass upon the question here presented, and are, therefore, inapplicable.

In Reynolds v. Stark, supra, the only question before the court was whether in determining the existing indebtedness of the school district the cash and securities in the sinking fund to the credit of the school district could be deducted from the total of the outstanding bond issues.

In the case of Kirk v. School Dist. No. 24, Greer Co., et al., supra, the question before the court was whether the amount of the proposed bond issue plus the already existing indebtedness of the district exceeded five per cent. of the valuation of the taxable property of the school district. The only outstanding indebtedness in that case, however, was an outstanding bonded indebtedess, and fell within the general rule above stated.

In none of these authorities relied upon by plaintiff has the court been called upon to determine whether old warrants of a school district or municipality written on tax levies covering the fiscal years during which said warrants were written, where the record discloses that such warrants have not been and in all probability cannot be collected by the collection of the taxes levied for said years, constitute "existing indebtedness" in determining the validity of proposed bond issues, as provided in section 26, art. 10, Constitution of Oklahoma.

Webster, in his New International Dictionary, defines "debt" to mean:

"That which is due from one person to another, whether money, goods, services; that which one person is bound to pay to another, or to perform for his benefit; thing owed; obligation; liability."

Webster also defines "indebtedness" to mean:

"State of being indebted; the sum owed; debts, collectively."

The term "indebtedness," as used in Const. art. 2, sec. 3, providing that no municipal corporation shall be allowed to become indebted, in any manner or for any purpose, to an amount in the aggregate exceeding five per cent. of the value of the taxable property within such corporation, to be ascertained by the last state and county tax lists previous to the incurring of such "indebtedness," is not to be confined to debts evidenced by bond or to those which are due simply, but is to be construed in its fair and legitimate meaning and general acceptation, and includes indebtedness for whatever purpose created. It matters not how or for what purpose the indebtedness is incurred. French v. City of Burlington, 42 Iowa, 614, 617; City of Council Bluffs v. Stewart, 51 Iowa, 385, 1 N. W. 628, 635; Words & Phrases, vol. 4, p. 3533.

In 44 C. J. at page 1123, the general rule as to what constitutes existing indebtedness of a municipality is stated as follows:

"Generally speaking, the 'existing indebtedness' of a municipality comprehends its valid outstanding obligations which it can be called upon to pay, and includes all classes of indebtedness, whether bonded or floating."

In 28 Cyc. 1546, it is held that in determining the amount of indebtedness all classes of indebtedness are to be taken into consideration:

"A provision that a municipality shall not be allowed to become indebted in any manner or for any purpose beyond a certain amount is not confined to bonded indebtedness, but in determining the amount all classes of indebtedness are to be included." Citing: Chicago v. Galpin, 183 Ill. 399, 55 N. E. 731; Council Bluffs v. Stewart, 51 Iowa, 385, 1 N. W. 628.

In the case of Howard v. Kiowa County, 73 Fed. 406, the court in the 2nd paragraph of the syllabus held:

"A statute authorizing the funding by a county of 'matured and maturing indebtedness of every kind and description' (Act Kan. Mch. 8, 1879) includes indebtedness evidenced by county warrants."

The Supreme Court of Oklahoma, in Gen-

tis et al. v. Hunt et al., reported in 121 Okla. 71, 247 Pac. 358, had before it for construction section 26, art. 10, of our Constitution, above set out, and held:

"The intention and plain purpose of section 26, art. 10, of the Constitution of Oklahoma, is to require school districts and other subdivisions of the state government to carry on their operations upon a 'cash' or 'pay as you go' plan. The revenues of each year must take care of the expenditures of such year, and any liability sought to be incurred in excess of such current revenue in hand or legally levied is void, unless it be authorized by a vote of the people and within the limitations provided by said section."

Again, in the case of Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720, this court held:

"The constitutional and these statutory inhibitions plainly say and mean that the limitations therein prescribed shall not be exceeded, neither directly nor indirectly. They were adopted for the protection of the people, and it is the duty of the courts and municipal officers to see that they are strictly enforced."

It is too well settled to require citation of authorities that in the construction of constitutional provisions the words therein used shall be construed to mean what the ordinary person would construe them to mean; they are to be given their natural meaning.

Under the record in this case and the authorities above cited, the school district is, prima facie, certainly indebted and due the holder of said warrants the amount thereof.

The record shows that at the time the petition for writ of mandamus was filed in the trial court, the warrants had been outstanding and unpaid for a number of years. The trial court in his judgment found that the warrants were unpaid and that there was pending in the district court of Pushmataha county at that time a suit against said school district to recover the amount of said unpaid warrants.

We hold that the "existing indebtedness" referred to in section 26, art. 10, Constitution of Oklahoma, is not to be confined to debts evidenced by bond, when the record shows outstanding unpaid legal warrants of the municipality drawn against legal appropriations for prior fiscal years, but is to be construed in its fair and natural meaning and general acceptation, and includes said outstanding unpaid warrants of the school district.

Legal indebtedness incurred by the school

district within the means and revenue provided for the fiscal year in which the additional indebtedness is sought to be contracted is not to be considered as a part of the indebtedness prohibited by section 26, art. 10, of the Constitution of Oklahoma. There is no such indebtedness shown by this record, but we think it advisable to herein distinguish indebtedness for the current year from that for prior years.

Having held that the unpaid warrants in the case at bar constitute "existing indebtedness" within the meaning of that phrase as used in section 26, art. 10, supra, it follows that the proposed bond issue in the instant case exceeds the constitutional debt limit.

The judgment of the trial court in denying the writ of mandamus is affirmed.

MASON, C. J., and RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

LESTER, V. C. J., and HUNT, not participating.

CLARK, J., absent.