**KANSAS CITY SOUTHERN RY. CO. et al. v. BOARD of ED., CITY of POTEAU, et al.**

No. 23182. Opinion Filed May 10, 1932.

Rehearing Denied July 27, 1932.

James B. McDonough and Cruce & Franklin, for plaintiffs in error.

T. B. Lunsford, A. G. Windham, and Foster Windham, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Le Flore county sustaining the validity of an issue of bonds authorized by the voters of the defendant in error school district. The decision of the cause on appeal depends upon the meaning of the term "existing indebtedness" as it appears in section 26, art. 10, of the Constitution.

By the provisions of that section, two limitations are imposed upon the power of counties, cities, towns, townships, school districts, and other political corporations or subdivisions of the state to become indebted in any manner or for any purpose. The first of those limitations is that those political subdivisions of the state may not become indebted in any manner or for any purpose to an amount exceeding, in any year, the income and revenue provided for such year. That provision recognizes the right to become indebted in any year to an amount not exceeding the income and revenue provided for that year. Such an indebtedness is authorized. The first limitation may be removed by three-fifths of the

voters thereof voting at an election to be held for that purpose, and when three-fifths of the voters thereof, voting at an election held for that purpose, have authorized the incurring of an indebtedness, an indebtedness may be incurred in an amount exceeding, in any year, the income and revenue provided for such year. By that provision, another indebtedness is authorized, the first being an indebtedness not exceeding, in any year, the income and revenue provided for such year, and the second, an indebtedness exceeding, in any year, the income and revenue provided for such year. The second limitation imposed is that, in cases requiring the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, the indebtedness allowed to be incurred shall not be in an amount, including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness. The second limitation is applicable only in cases requiring the assent of three-fifths of the voters thereof voting at an election to be held for that purpose. It has no application in cases where the assent of such voters is not required, that is, it has no application to the incurring of indebtedness, in any year, to an amount not exceeding the income and revenue provided for that year, and indebtedness may be lawfully incurred, in any year, to an amount not exceeding the income and revenue provided for that year, although the existing indebtedness, at that time, is equal to or exceeds five per centum of the valuation of the taxable property therein. Where indebtedness is sought to be incurred which requires the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, the amount of the indebtedness existing at that time must be deducted from the amount of five per centum of the valuation of the taxable property therein, ascertained from the last assessment for state and county purposes prior thereto, and the remainder is the maximum amount for which such indebtedness may be incurred. What is the meaning of the term "existing indebtedness" in the constitutional provision?

In School District No. 2 v. Gossett, Co. Atty., 140 Okla. 243, 283 P. 249, the meaning of the term "existing indebtedness" was in issue, and it was therein contended that outstanding unpaid warrants for the years 1922, 1923, and 1924 are included within that term. The cases relied upon by the defendants in error herein were relied on therein, and it was contended that, under the authority of those decisions, such warrants are not included within the term. It was therein said:

"In none of these authorities relied upon by plaintiff has the court been called upon to determine whether old warrants of a school district or municipality written on tax levies covering fiscal years during which said warrants were written, where the record discloses that such warrants have not been and in all probability cannot be collected by the collection of the taxes levied for said years, constitute 'existing indebtedness' in determining the validity of proposed bond issues, as provided in section 26, art. 10, Constitution of Oklahoma."

The record in that case showed that the warrants in question had been outstanding for a number of years, and that they were unpaid. It was therein held that the term "existing indebtedness," as used in section 26, art. 10, of the Constitution is not to be confined to debts evidenced by bonds when the record shows outstanding unpaid legal warrants of the municipality drawn against legal appropriations for prior years, but that it is to be construed in its fair and natural meaning and general acceptation to include outstanding unpaid warrants of the school district for prior years. We affirm that statement.

Lest there be further confusion as to this issue, we hold that the indebtedness of a school district, incurred during a fiscal year within the amount of the income and revenue provided for that fiscal year, is not included in the term "existing indebtedness" in section 26, art. 10, of the Constitution and that indebtedness so incurred during any prior fiscal year is included within that term.

The question was discussed by this court in Faught v. City of Sapulpa. 145 Okla. 164, 292 P. 15, and this court therein held that section 26, article 10, of the Constitution is not a limitation on the amount of legal indebtedness that may exist; that it is a limitation on the amount of legal indebtedness that may be incurred, and that it is a limitation on the manner in which legal indebtedness may be incurred.

The defendants in error call attention to an error in the language in Faught v. City of Sapulpa, supra. The language criticized in that opinion is, "When it so appears or when the indebtedness is merged into judgment. * * *" The language should have been: "When it so appears and when the indebtedness is merged into judgment. * * *"

The question before this court is not the validity of outstanding indebtedness. It is

not contended in this case that any portion of the outstanding indebtedness is invalid. The question for determination is: How much, if any, indebtedness which requires the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose, may be incurred by a school district, in addition to the amount of the existing indebtedness of the school district? Indebtedness incurred during the fiscal year commencing July 1, 1930, which is within the income and revenue provided for that fiscal year, does not require the assent of three-fifths of the voters of the school district voting at an election to be held for that purpose, and it need not be considered in the computation. Indebtedness incurred during fiscal years prior thereto is "existing indebtedness" within the meaning of the constitutional provision (School Dist. No. 2 v. Gossett, supra) and it must be considered in making the computation. The record in this case shows outstanding unpaid warrants as follows:

| Year | Principal | Interest |
| --- | --- | --- |
| 1925-6 | $3.695.00 | $612.29 |
| 1926-7 | $2,955.31 | $ 5.40 |
| 1927-8 | $2,844.21 | $ 83.23 |
| 1928-9 | $1,923.09 | $ 0 |
| 1929-30 | $5,873.33 | $ 23.48 |
| 1930-31 | $5,262.50 | $ 0 |

The amount of unpaid warrants issued prior to the fiscal year commencing July 1, 1930, with interest thereon, is $18,015.34. The amount of bonded indebtedness is $94,704. The taxable valuation is $1,789,888. The amount of cash on hand in the sinking fund is $9,581.67. The amount of the investments in the sinking fund is $24,142.30.

Those figures are the amounts shown as of June 30, 1931. The date of the bond election was June 23, 1931. The school district contends that there was a failure of proof in that there was no showing of the financial condition on June 23, 1931, and that the showing made was of the financial condition on June 30, 1931. In view of the fact that both dates were within the same fiscal year, and that the outstanding unpaid warrants were held by the county treasurer as a sinking fund investment, we cannot see how there could have been any change in the financial condition between those dates that would affect the question in issue here. For instance, if bonded indebtedness was paid between those two dates, it was paid with money from the sinking fund, and the increased amount in the sinking fund on June 23, 1930, would have been counterbalanced by the increased amount of bonded indebtedness. The same

thing is true as to the warrant indebtedness. If warrants had been paid between those dates, the amount of the outstanding warrants on June 23rd would be increased, but, in view of the fact that those warrants belonged to the sinking fund, payments therefor would have been to the sinking fund and the amount of the sinking fund on that date would have been decreased accordingly. If this was an issue between two individuals involving a private right in a law action, we would apply the strict rule as to proof, but inasmuch as this is an equitable proceeding involving the placing of a first lien upon all of the taxable property of the school district, and inasmuch as it is not contended that the showing made as of June 30, 1931, was not a correct showing of the financial condition as of June 23, 1931, this court will disregard the contention made.

The school district contends that from the total of the outstanding bonds and the bonds proposed to be issued, there should be deducted the amount of assets in the sinking fund, and that, if the remainder is less than the debt limit of the school district, the bonds sought to be issued are valid. We cannot agree with that contention. That method of computation disregards the existing warrant indebtedness, as hereinbefore defined, and that indebtedness may not be disregarded.

When the amount of the total existing indebtedness of the school district is added to the amount of the proposed indebtedness, and there is deducted therefrom the amount of the assets in the sinking fund, the remainder exceeds the debt limit of the school district, and the constitutional limitation operates to inhibit the incurring of the proposed indebtedness. Under the rule stated in Board of Education of Town of Owasso v. Short, Atty. Gen., 89 Okla. 2, 213 P. 857, and St. Louis-S. F. Ry. Co. v. Hendrickson, Co. Treas., 128 Okla. 266, 263 P. 148, the bonds sought to be issued and sold are void.

The trial court was in error in sustaining the demurrer to the evidence. Its judgment is reversed, and the cause is remanded to that court for further proceedings not inconsistent herewith.

CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and HEFNER, JJ., absent.