## MANNSVILLE CONSOLIDATED SCHOOL DIST. NO. 7 v. WILLIAMSON, Atty. Gen.

No. 26611.   Oct. 1, 1935.

Stephen A. George, for petitioner.

Mac. Q. Williamson, Atty. Gen. and Stephen D. Holloway, Asst. Atty. Gen. for respondent.

C. H. Rosenstein, amicus curiae.

GIBSON, J. This is an original action for writ of mandamus against the respondent Mac Q. Williamson, as Attorney General and Ex-Officio Bond Commissioner of the State of Oklahoma, to compel the respondent to approve $12,000 of bonds issued by the peti-tioner, pursuant to an election held in Mannsville consolidated school district No. 7, Johnston county, state of Oklahoma, the petitioner herein, on the 29th day of June, 1935. The respondent contends that the bond issue, together with other existing indebtedness of said school district, exceeds the maximum amount for which the petitioner may become indebted under section 26, article 10, of the State Constitution, and has therefore refused to approve the bonds.

The total valuation of the petitioner municipality as fixed by the State Board of Equalization for the fiscal year 1934-1935 is $287,674. Five per cent. thereof is $14,383.70. The total existing indebtedness of the school district was $24,079.83, allocable as follows:

Bonded indebtedness, (including
  the issue of $12,000.00) _____$19,000.00
Judgment indebtedness _____    172.34
Outstanding warrants for prior fis-
  cal years _____   4,907.49

The amount of sinking fund funds was $6,477.28, and the amount of cash on hand in the general fund available for and applicable to the payment of the outstanding warrant indebtedness was $800.24. The parties agree that these are deductible assets. The difference between the existing indebtedness and the deductible assets referred to is $16,802.31. Respondent contends that this sum is the true net indebtedness of the school district, and that it exceeds the maximum amount for which the school district can become legally indebted to the extent of $2,418.61. Petitioner, however, contends that in said school district the amount of net taxes in process of collection, exclusive of penalties for the years 1931 to 1934, inclusive, is $2,934.52, and that said sum should be considered as an offset against warrant indebtedness of the school district. Obviously, if this contention is correct, the bonds do not exceed the constitutional debt limit of the school district.

The sole question presented is whether or not taxes in process of collection may be considered as an offset against outstanding warrants for such years, in determining the 5 per centum debt limit of a school district or other municipal subdivision.

Section 26, article 10, of the state Constitution is as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths

of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state. incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

That unpaid warrants must be considered in determining the "existing indebtedness" of the petitioning municipality is no longer open to question in this jurisdiction. School District No. 2, Consolidated, Pushmataha County, ex rel. Hixon v. Gossett, Co. Atty., 140 Okla. 243, 283 P. 249; Kansas City Southern Railway Co. v. Board of Education of the City of Poteau et al., 158 Okla. 274, 13 P. (2d) 115. In some earlier decisions of this court, notably Reynolds et al. v. Stark et al., 90 Okla. 261, 217 P. 166, and Kirk v. School District No. 24, Greer Co. et al., 108 Okla. 81, 234 P. 596, the court held:

"In computing the amount of existing indebtedness for the purpose of voting bonds for school district purposes under section 26, art. 10, of the Constitution of Oklahoma, the amount of the outstanding bond issues should be added to the amount of the proposed bond issue, and from this total should be deducted the cash and securities in the sinking fund of the school district, and the difference constitutes the existing indebtedness of the school district"

—but that rule has been departed from in our later decisions and it has been held that in computing existing indebtedness the amount of the outstanding warrant indebtedness for prior fiscal years should be added to the outstanding bonded indebtedness. School District No. 2, Consolidated, Pushmataha County, ex rel. Hixon, v. Gossett, County Attorney, supra; K. C. S. Ry. Co. v. Board of Education of the City of Poteau et al., supra.

Whether or not the unpaid warrants can be offset to the extent of the amount of net taxes in process of collection for the years for which the said warrants were issued has not been decided by this court. However, in Kansas City Southern Ry. Co. v. Board of Education of the City of Poteau. supra, in syllabus No. 2. this court said:

"In determining the amount of indebtedness which may be incurred by a school district and which requires the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, to the amount of the outstanding bonded indebtedness there should be added the amount of the outstanding warrant indebtedness for prior fiscal years, and to that total there should be added the amount of the indebtedness proposed to be incurred. From the amount thereof there should be deducted the amount of the assets in the sinking fund, including cash and investments. The remainder may not exceed five per centum of the taxable value of the property in the school district."

It will be noted that sinking fund assets. "including cash and investments," are classed as deductible assets. Petitioner contends that Faught v. City of Sapulpa et al., 145 Okla. 164, 292 P. 15, is in conflict with Kansas City Southern Ry. Co. v. Board of Education of the City of Poteau et al., supra, and holds that net taxes in process of collection should be offset against warrant indebtedness. We cannot so agree. In that case, Mr. Justice Andrews, in discussing the meaning of the phrase, "including existing indebtedness," in section 26, article 10, used the following language:

"Does it include indebtedness incurred during a prior fiscal year, to an amount not exceeding the income and revenue provided for that year? That indebtedness is a specific charge against the income and revenue provided for the fiscal year in which it was incurred. To include such indebtedness as a liability would authorize the inclusion of the income and revenue provided for that year as an asset, and that would leave the result the same. Reynolds v. Stark, 90 Okla. 261, 217 P. 166; Mitsler v. Eye, 107 Okla. 289, 231 P. 1045; Kirk v. School District, 108 Okla. 81, 234 P. 596. We think that such indebtedness is not included as long as it is evidenced only by contracts or warrants."

Neither the question of the inclusion of warrant indebtedness in the liabilities nor the inclusion of taxes in process of collection in the assets of the municipality was involved and that case is not decisive of the question here considered. We observe that Mr. Justice Andrews also wrote the opinion in the case of K. C. S. Ry. Co. v. Board of Education, supra, wherein it was held that outstanding warrant indebtedness for prior years constituted a debt of the municipality within the meaning of section 26, article 10, of the Constitution.

An examination of the decisions of other

states having similar constitutional provisions with reference to debt limitations discloses a sharp conflict between them. The better reasoned cases hold that only cash on hand and available assets and resources readily convertible into cash should be considered deductible assets and subtracted from the outstanding indebtedness. To us this seems the better rule. Delinquent taxes are not readily convertible into cash. Nor do our statutes under which the collection of delinquent taxes can be enforced insure the collection of such taxes in cash. Property sold to the county at the annual tax sales, for lack of individual purchasers, may be resold under our statute, but if at such sale it cannot be sold to individual purchasers, the county becomes the purchaser and owner in fee of the property sold for delinquent taxes, and the taxes are canceled. Such property does not become assets of the county, or of the school district in which the property may be located, that may be considered in determining the net indebtedness of such county or any municipal subdivision thereof. Nor are the proceeds of sale of such property, if and when sold by the county, allocable to the payment of the warrant indebtedness of the school district or other municipal subdivision of the county.

School districts and other municipal and political divisions of the state should pursue a sound business policy in their fiscal management. To consider as assets delinquent taxes which are not only not readily convertible into cash but are improbable of collection violates that policy, and in our opinion violates the laws of this state.

The petition for writ of mandamus is denied.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur. WELCH, J., dissents.