WRIGHT et al. v. STAPP-ZOE CONSOLIDATED SCHOOL DIST. NO. 1 et al.

No. 30541.    March 3, 1942.

*123 P. 2d 281.*

Joseph R. Brown, of Ft. Smith, Ark., for plaintiffs in error.

J. Berry King and George J. Fagin, both of Oklahoma City, and A. G. Windham, of Poteau, for defendants in error.

HURST, J. This action was brought by plaintiffs, qualified taxpayers of defendant school district, to enjoin the issuance and sale of bonds voted by the school district. The trial court sustained a demurrer to plaintiffs' evidence, and rendered judgment for defendants. Plaintiffs appeal.

The bonds were voted in two issues, one for $4,500 for the purpose of "erecting school building," and the other for $3,500 for the purpose of "erecting additional school building, repairing school buildings and purchasing school furniture." The regularity of the proceedings submitting the proposals is not questioned. Both issues were duly approved by the Attorney General as ex officio Bond Commissioner, after rejecting a protest against their approval. This action was commenced within 30 days after their approval.

Plaintiffs contend that the bonds are invalid because (1) the purchaser, W. B. Askew, prepared the proceedings, (2) the bonds were sold at private sale in violation of law, and (3) the issues exceeded the five per cent constitutional debt limit.

1. The first contention is based upon the fact that the purchaser of the bonds offered to prepare the papers for the proceedings, and perhaps did so, though the evidence on this point is very weak, the district clerk testifying that the purchaser must have prepared them, but being unable to say positively that he did. Plaintiffs, assuming that the evidence sufficiently shows that the papers were prepared by the purchaser, argue that under 62 O. S. 1941 § 355, the purchase of the bonds by Askew was prohibited. We do not agree with this contention. Sections 353, 354, and 355 of 62 O. S. 1941 were originally enacted as chapter 22, S. L. 1927, section 354 being amended in 1935 (article 5, ch. 32, S. L. 1935). Section 354 deals with bond

issues of $5,000 or more, and provides a procedure to be followed in the sale thereof, in which it requires advertising for bids and a sale to the highest bidder. It makes no requirements as to the sale of bond issues of less than $5,000. Obviously section 355 was enacted as an additional safeguard to insure that the sale of an issue of $5,000 or more advertised as required by the preceding section would be made in good faith to the highest bidder, and to prevent fraud or collusion. Said section does not apply to sales of bond issues of less than $5,000. Joint School Dist. No. 132 v. Dabney, 127 Okla. 234, 260 P. 486. We conclude that this contention is untenable.

2. Plaintiffs' second contention is that the bonds were really for one purpose, and that in order to avoid the requirement of 62 O. S. 1941 § 354 any issue of bonds aggregating or exceeding $5,000, except funding or refunding bonds, must be sold at public sale after due advertisement, the amount for which the district desired to issue bonds was split into the two issues, and that the proceeds were to be used in the construction of only one building. This contention is not sustained by the evidence. The school district clerk, who is one of the plaintiffs, testified that there was some question as to whether a gymnasium and two adjoining rooms which it was proposed to erect should be built. It fairly appears that the two issues were presented to the voters so that the questions as to whether the gymnasium should be built and equipped, and whether a new school building should be erected, could be voted upon separately. Such division is authorized by 70 O. S. 1941 § 521. There is no evidence that a single bond issue was ever contemplated, or that the submission of the two issues to the voters was actuated by bad faith with intent to avoid the requirements of the law. In fact, separate petitions, signed by 108 of the 145 qualified electors of the district, were filed with the school board asking that the two proposed bond issues be submitted to the voters, as required by 70 O. S. 1941 § 523.

3. Plaintiffs' third contention raises the question of whether interest on the bonds to be issued may be considered in determining whether the issue exceeds the 5 per cent debt limit specified in section 26, art. 10, of the State Constitution. Plaintiffs contend that interest must be computed and added to the principal of the proposed bonds in figuring the amount of the debt. No case so holding is cited, and we know of none. The law is to the contrary. Kurn v. Helm, 182 Okla. 260, 77 P. 2d 552; Carlson v. City of Helena, 39 Mont. 82, 102 P. 39; McQuillin, Municipal Corporations (Rev. Ed.) vol. 6, § 2383; 44 C. J. 1124; 19 R. C. L. 984, § 280; 38 Am. Jur. 123, § 439; annotation 100 A. L. R. 610.

That such is the proper construction of section 26, art. 10, is apparent from a reading of the section. After using the term "indebtedness" it provides for the collection of a sufficient tax annually to "pay the interest on such indebtedness as it falls due" and for a sinking fund for the payment of the principal thereof. This clearly indicates that by the term "indebtedness" was meant only the amount of the indebtedness at the date it was contracted, and interest thereon to accrue in the future was not included. Such appears to have been the meaning implied by our previous decisions. Mannsville Consol. School Dist. No. 7 v. Williamson, 174 Okla. 18, 49 P. 2d 749; Kansas City Southern Ry. Co. v. Board of Education of City of Poteau, 158 Okla. 274, 13 P. 2d 115; Kirk v. School Dist. No. 24 of Greer County, 108 Okla. 81, 234 P. 596.

We conclude that the bond issues involved herein do not violate the constitutional provision.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and GIBSON, JJ., concur. DAVISON and ARNOLD, JJ., absent.