Dear Speaker Larry E. Adair,
¶ 0 This office has received your request for an official Attorney General Opinion addressing, in effect, the following question:
If a school district failed to fund the benefits required bythe Education Flexible Benefits Allowance Act, 70 O.S.26-101-26-108 (1999),[1] may the district, in asubsequent year, provide the unfunded benefit?
¶ 1 The Education Flexible Benefits Allowance Act ("Benefits Act") attempts to provide local school district employees with a choice of employment benefits so these employees may "select and tailor the benefits they receive in a manner calculated to best meet the particular needs of themselves and their families." 70O.S. 26-102(1) (1999). The Benefits Act provides local common school district and vocational-technical school district employees a monetary allowance to buy the benefits they choose.See 70 O.S. 26-104 (1999).
¶ 2 On August 11, 1999, this office issued A.G. Opin. 99-053 finding that school employees are covered under the Benefits Act regardless of their full-time or part-time status. See id. Your question asks whether school districts may use current-year funds to reimburse employees for prior-year benefits.
¶ 3 Article X, Section 26 of the Oklahoma Constitution requires school districts and other entities "to carry on their operations upon a `cash, or pay as you go plan.'" School Dist. No. 2 v.Gossett, 283 P. 249, 252 (Okla. 1929). Section 26(a) of Article X provides in part:
 "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose."
Id.
¶ 4 An exception to Article X, Section 26 for legislatively-imposed obligations was acknowledged in Smartt v.Board of County Commissioners, 169 P. 1101 (Okla. 1917). However, as pointed out by the Oklahoma Supreme Court in City ofDel City v. Fraternal Order of Police, 869 P.2d 309 (Okla. 1993), the decisions after Smartt fall into two categories: "(1) those obligations imposed upon the municipality by either the Federal or Oklahoma Constitution, and (2) those obligations which are mandated not by the Constitution, but are imposed either by the legislature or by a voluntary contract entered into between the parties." Id. at 315. The Court observed that those obligations which fall under the first category are not limited or prohibited by Section 26. Those which fall under the second category are controlled by Section 26 and are thus unconstitutional.
 "The legislature may require a municipality to comply with a legislative act and thereby create a valid liability on the part of a municipality. But we believe a county or municipality must fund all of its obligations, except those of a constitutional governmental nature, by conforming to the constitutional requirements of Section 26."
Del City, 869 P.2d at 318.
¶ 5 In Clay v. Independent School District No. 1 of TulsaCounty, 935 P.2d 294 (Okla. 1997), the Supreme Court discussed judgments against school districts:
 "Many obligations are imposed by law which require school districts to expend money on them. The fact that these obligations are imposed by law does not excuse a district from budgeting these items in the district's fiscal budget, and a judgment against a school district is not authorized against an unbudgeted expense of this nature.
* * * * *
 ". . . Instead of allowing a sinking fund judgment for unbudgeted annual fiscal expenses and thereby penalize the taxpayers, we adopt the view that officials should use the appropriate remedies to insure that such items are properly budgeted and paid.
 "The school districts say they now have no money to pay, and the fiscal year lapsed prior to the appeal being filed in this Court. We have explained that payment of an annual or current expense is not to be paid from the revenues of a subsequent fiscal year. We agree that it is now too late to mandamus the school districts to pay the 1992 fiscal year revaluation expense from current fiscal budgets."
Clay, 935 P.2d at 302, 305 (citation omitted) (emphasis added).
¶ 6 The Smartt exception for legislatively created obligations has been narrowly construed in Del City and Clay; only those obligations imposed by the federal or Oklahoma constitutions come within the Smartt exception. The benefits available under the Benefits Act are not provided for in either the Oklahoma or federal constitutions. The obligation to provide benefits is statutorily created. Therefore, the obligation created by the Benefits Act would fall within the second line of cases recognized by the Supreme Court in Del City and Clay. As such, any prior-year obligations created by the Benefits Act are controlled by Section 26 and may not be paid with current-year funds.[2] A district could not, therefore, "catch up" and fund a prior-year unpaid benefit.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A school district may not use current year monies to fundpayments to employees for unpaid benefits available pursuant tothe Education Flexible Benefits Allowance Act, 70 O.S.26-101-70 O.S. 26-108 (1999), because using suchmonies to fund a prior-year expense violates the restrictiveprovisions of Article X, Section 26 of the Oklahoma Constitution.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Title 70 O.S. 26-106 and 70 O.S. 26-107 (1998) were repealed by 1999 Okla. Sess. Laws, ch. 334, 6, eff. July 1, 1999.
[2] Although a district is not allowed to fund benefits after the fact it may, in an appropriate factual situation, pay an employee's claim from current year funding, if an employee asserts a valid claim based on benefits that should have been provided.