Glenn E. MORRISON, individually as a free-holder and taxpayer and for all persons similarly situated and interested, and W. McSpadden, Herman Lemons, Bob R. Thompson, A. D. Ezell, W. M. Bacon, W. A. Lemons and A. H. Cupp, in person and for all persons similarly situated, Plaintiffs in Error,

v.

The BOARD OF EDUCATION OF INDE-PENDENT SCHOOL DISTRICT NO. 6, OF CRAIG COUNTY, Oklahoma, and Independent School District No. 6 of Craig County, Oklahoma, a municipal corporation, Defendants in Error.

No. 42104.

Supreme Court of Oklahoma.

Feb. 7, 1967.

Rehearing Denied March 21, 1967.

Second Rehearing Denied March 28, 1967.

Richard L. Wheatley, Jr., Vinita, for plaintiffs in error.

J. Duke Logan, Vinita, Leon S. Hirsh, Paul Johanning, David Hudson, Oklahoma City, for defendants in error.

BERRY, Justice.

Historically, the matters involved in this appeal have been the subject of earlier consideration. Brief recitation of the factual background is of assistance in determining this appeal.

On July 10, 1964, plaintiffs, (except Morrison) for themselves and others similarly situated, filed suit in the District Court of Craig County against the School District and the Board of Education in their official capacities. Plaintiffs sought to enjoin the sale and delivery of certain bonds of the school district subsequent to voters' approval thereof at an election, statutory approval by the Attorney General as Ex Officio Bond Commissioner, and public sale of such bonds, prior to delivery.

The petition for injunction alleged all notices issued by defendants were insufficient in that same failed to apprise the voters of the true purposes for which bonds were to be issued, and that all motions, resolutions and notices made or given by defendant legally were insufficient to authorize issuance and sale of such bonds as provided by law. The petition expressly alleged (1) failure to determine necessity, need and emergency for issuance of bonds prior to calling of the election; (2) failure to meet constitutional and statutory requirements for specification of purpose for which indebtedness was to be incurred and money used; (3) aggregate amount of proposed bond issue exceeded the 5% total authorized assessed valuation of property within the district; (4) requisite percentage of qualified voters participating in the bond election failed to vote affirmatively for such bond issue.

Issues were joined upon plaintiffs' petition and this cause was heard on September 17, 1964. The trial court determined the issues in favor of defendants, and entered judgment denying the petition to enjoin delivery of the school district bonds. After motion for new trial was overruled plaintiffs lodged an appeal in this Court, docketed as Case No. 41,456.

Provisions of the bonds involved in that appeal required their delivery, litigation-free, on or before July 22, 1964. The prospective bond purchaser refused to waive this requirement, and after commencement of that appeal by plaintiffs both the bonds and the purchase contract were canceled. Thereafter plaintiffs moved this Court to dismiss their appeal, upon the ground the issues involved were moot, and on January 18, 1966, the following order was issued:

"Motion to Dismiss by Plaintiffs in Error is sustained as issues herein are moot. The appeal is therefore dismissed with prejudice."

On February 15, 1966, the bonds again were sold, and the proceedings approved by the Attorney General on February 21, 1966. Upon being threatened with further litigation in delivery of the bonds the defendants applied to this Court for special relief (Case No. 41,854), in an effort to determine the controversy and establish validity of the bonds. This application to assume original jurisdiction was denied.

Thereafter Cause No. 12319 was brought in the district court by Glenn E. Morrison individually as a taxpayer, and for others similarly situated. Contemporaneously, another action No. 12336 was brought by W. McSpadden et al., individually and for all others similarly situated. The plaintiffs in this latter action are identical with those who appeared as plaintiffs in the original case appealed to this Court under No. 41,456.

By appropriate order the district court consolidated the new cases for trial, and the matter was heard by an assigned judge. Prior dismissal of the original appeal with prejudice by reason of mootness of the issues was suggested, but the trial court declined determination of the case upon this ground. After hearing the trial court found the issues generally for defendants and upheld validity of the proceedings and denied plaintiffs the relief sought. After motion for new trial was overruled the present appeal was filed.

■ Plaintiffs urge two propositions in seeking reversal of the trial court's judgment. The first contention is that the voters in the school district bond election were not sufficiently apprised as to the purpose for which the bonds were to be issued. To support this argument plaintiffs cite Constitution, Art. X, § 16, and O'Neal Engineering Co. v. Inc. Town of Ryan, 32 Okl. 738, 124 P. 19. We are not impressed by the argument so made concerning purported insufficiency of the manner in which the voters were apprised of the purpose of the bonds.

■■ It is necessary only to note that all three actions, which have sought to attack the validity of the bonds, were brought as class actions. In the original appeal, Case No. 41,456, the precise question now urged in the present appeal was adjudicated and became final. In Stumpff v. Harper, 90 Okl. 195, 214 P. 709, cited by defendants, we held that a dismissal of an appeal by this Court had the effect of affirmance of the trial court's judgment. Also see State ex rel. Mothersead v. Hardister, 128 Okl. 245, 262 P. 658; 5 Am.Jur.2d, Appeal & Error § 930; 149 A.L.R. 625; Shell Pet. Corp. v. Hess, 190 Okl. 669, 126 P.2d 534. The dismissal of plaintiffs' appeal in Case No. 41,-456 had the effect of an affirmance of the trial court's judgment. Thus that judgment was an adjudication not only of the questions and issues presented, but also of those which might have been presented. 50 C.J.S. Judgments § 712; Powell v. Chastain, Okl., 359 P.2d 336; Ward v. Ayres, Okl., 376 P. 2d 579.

■ Plaintiffs' second contention urges that the sale of the bonds involved was made upon a different valuation from that which applied to the original sale. The claim is advanced that the election and sale thereby authorized was had upon the basis of the 1963–1964 valuation of taxable property within the school district, whereas the sale of the bonds presently involved occurred in 1966. Plaintiffs quote and rely upon 70 O.S.1961, § 15–3, which provides:

"* * * The amount of the bonds so voted upon and issued shall not cause the school district to become indebted in an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for State and county purposes previous to the 'incurring indebtedness; * * *."

The only argument offered is that because the instant sale did consider the valuation in the year of the sale, then such sale failed to comply with the law and must be set aside. Because this issue was not present in, nor determinable, in the prior proceedings, necessitates consideration and disposition at this time.

Defendants' answer to this claim, of purported invalidity of the bonds, is that the property valuation mentioned in the statute, supra, requires valuation "* * * to be ascertained from the last assessment for State and county purposes previous to incurring of such indebtedness; * * *."

In Sublett v. City of Tulsa, Okl., 405 P.2d 185, the question involved was as to when bonded indebtedness is "incurred" within the constitutional debt limitation prescribed by Constitution, Art. X, § 26. In deciding that indebtedness is not incurred within meaning of the Constitution until value actually is received by the governmental subdivision involved, we reviewed our earlier decisions and quoted the syllabus from Coppedge et al. v. Depew Twp., Creek County et al., 109 Okl. 117, 234 P. 769:

"Bonded indebtedness is incurred, within the meaning of section 26, article 10, of the Constitution, when the bonds of the township are voted, issued, approved, and delivered, and not when the election is held at which they are submitted. Mistler et al. v. Eye et al. [107 Okl. 289,] 231 P. 1045, not yet officially reported."

Plaintiffs suggest no reason why the Constitutional interpretation does not apply to the limitation stated in statute, supra.

Should we determine that valuation for bond purposes must be calculated upon a

966

valuation in any year prior to issuance and delivery of the bonds, it is at once apparent that tactics such as used by plaintiffs in this case could be used to defeat bond issues, without regard to whether any grounds of meritorious protest exist. The records in these proceedings have been reviewed carefully. The trial court's findings and refusal to enjoin defendants from proceeding with sale of the bonds was correct.

Judgment affirmed.

IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.